The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 1, 2018

## 2018COA153

**No. 17CA0259, *People v. Timoshchuk* — Criminal Procedure — Postconviction Remedies — Conviction Obtained or Sentence Imposed in Violation of the Constitution; Constitutional Law — Sixth Amendment — Right to Counsel**

Defendant, a lawful permanent resident, was facing revocation of felony probation for forgery and other charges.  Upon admitting the violation, he received a three-year prison sentence.  Because of the length of sentence on this crime, he lost his eligibility to seek asylum in this country.  He filed for postconviction relief, alleging that his counsel at the time of the probation revocation was ineffective in failing to advise him of this immigration consequence.  His postconviction motion was summarily denied.

We hold, apparently for the first time, that a defendant facing probation revocation has a statutory right to counsel, and thus a right to effective assistance of counsel.  We further hold that the

*Strickland* test applies to claims of ineffective assistance of counsel in the probation revocation context. Finally, we hold that defendant alleged sufficient facts to warrant a hearing on his claim. Accordingly, we reverse the summary denial, and remand for a hearing.

COLORADO COURT OF APPEALS      2018COA153

Court of Appeals No. 17CA0259
El Paso County District Court No. 15CR1103
Honorable Thomas K. Kane, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Maksim V. Timoshchuk,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE TOW
Hawthorne and Bernard, JJ., concur

Announced November 1, 2018

Cynthia H. Coffman, Attorney General, William G. Kozeliski, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

McKinley Law Group, Ian C. McKinley, Longmont, Colorado, for Defendant-Appellant

¶ 1    Maksim V. Timoshchuk appeals the district court's order summarily denying his Crim. P. 35(c) motion for postconviction relief based on a claim of ineffective assistance of counsel. We hold apparently for the first time, that a probationer facing revocation proceedings has a statutory right to counsel, and thus a right to effective assistance of counsel as measured by the *Strickland* test. Because Timoshchuk asserted sufficient facts to warrant a hearing on his claim, we reverse and remand for further proceedings.

## I.    Background

¶ 2    Timoshchuk was born in Ukraine and admitted to the United States as a refugee on July 16, 2002. The federal immigration authorities adjusted his status to that of a lawful permanent resident on November 17, 2005.

¶ 3    In March 2015, Timoshchuk was charged with forgery. As part of a plea agreement, on April 21, 2015, Timoshchuk pleaded guilty to forgery, pleaded guilty to DUI in a separate case, and admitted violating his probation in a prior case. Timoshchuk was sentenced to probation in all three cases.

¶ 4    In July 2015, Timoshchuk's probation officer filed a complaint in district court, alleging that Timoshchuk had violated the

conditions of his probation in part by being arrested and charged with new offenses.  On August 24, 2015, Timoshchuk entered into an agreement resolving all four cases; specifically, he admitted to violating probation in his prior cases and pleaded guilty to possession of a controlled substance in his newest case.  The district court revoked Timoshchuk's probation and resentenced him on the forgery charge to three years in the custody of the Department of Corrections concurrent with his other sentences.

¶ 5     On July 27, 2016, the Department of Homeland Security initiated removal proceedings against Timoshchuk due to his convictions involving a controlled substance and an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(R) (2018).[1]  Because Timoshchuk conceded the charges against him, the immigration court found Timoshchuk removable as charged.

---

[1] Timoshchuk's forgery conviction became an aggravated felony when he was sentenced to more than 364 days in prison on August 24, 2015.  8 U.S.C. § 1101(a)(43)(R) (2018) ("The term 'aggravated felony' means . . . an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year . . . .").

¶ 6    In September 2016, Timoshchuk filed a Form I-589 Application for Asylum and for Withholding of Removal.  The court ultimately denied his application.  The immigration judge ruled that Timoshchuk was not eligible for asylum due to his aggravated felony conviction.

¶ 7    Timoshchuk then filed a postconviction motion under Crim. P. 35(c), alleging that he was denied effective assistance of counsel because his probation revocation counsel failed to adequately investigate and correctly advise him of the immigration consequences of his admission and subsequent sentencing.[2]  The district court denied Timoshchuk's motion without a hearing, stating that Timoshchuk was "advised that the convictions in the plea agreement would have adverse consequences on his immigration status."

---

[2] Although the motion and opening brief at times appear to conflate the April 21, 2015, guilty plea and the August 24, 2015, admission to violating probation, the references to a "global plea deal" and attachment of an affidavit from his probation revocation counsel (a different lawyer than the one who represented him on his original forgery plea) suggest that the underlying arguments pertain exclusively to the August 24, 2015, admission.  Accordingly, we refer to the "global plea deal" as the admission.

## II. Analysis

¶ 8 Timoshchuk argues that the court erred in denying his Crim. P. 35(c) motion for postconviction relief without a hearing. We agree.

### A. Standard of Review

¶ 9 We review a district court's summary denial of a Crim. P. 35(c) motion de novo. *People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010).

¶ 10 A district court may deny the motion without a hearing if the motion, files, and record clearly show that the defendant is not entitled to relief. *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005). "Summary denial of a postconviction relief motion is also appropriate if the claims raise only an issue of law, or if the allegations, even if true, do not provide a basis for relief." *Id.* And a court may deny a postconviction motion if its claims are bare and conclusory or lack supporting factual allegations. *Id.*

### B. Applicable Law

#### 1. Right to Counsel at a Probation Revocation Hearing

¶ 11 Before we can address a claim for relief under Crim. P. 35(c), we must decide whether a right to counsel exists at a probation

revocation hearing. If no right to counsel exists, a defendant "bears the risk . . . for all attorney errors made in the course of representation." *Silva v. People*, 156 P.3d 1164, 1169 (Colo. 2007) (quoting *People v. Silva*, 131 P.3d 1082, 1089 (Colo. App. 2005)). The parties dispute whether a probationer facing revocation has a constitutional right to counsel at the revocation hearing. We note that our supreme court has observed that two United States Supreme Court cases set out "'minimum requirements of due process' at parole or probation revocation hearings." *People v. Atencio*, 186 Colo. 76, 78-79, 525 P.2d 461, 462 (1974) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). The requirements include

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him[;] (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

*Id.* (quoting *Morrissey*, 408 U.S. at 489, and *Gagnon*, 411 U.S. at 786). Notably absent from this list is the right to be represented by counsel. Indeed, in *Gagnon*, the United States Supreme Court rejected a categorical rule requiring court-appointed counsel for indigent probationers facing revocation in favor of a case-by-case assessment of whether "fundamental fairness — the touchstone of due process — will require that the State provide at its expense counsel for indigent probationers or parolees." 411 U.S. at 790.

¶ 12 *Gagnon* involved a probationer who, upon receiving probation, also received a suspended fifteen-year sentence, for which the sentencing order provided that "(i)n the event of his failure to meet the conditions of his probation he will stand committed under the sentence all ready (sic) imposed." *Id.* at 779 n.1. The Court observed that probation revocation "is not a stage of a criminal prosecution." *Id.* at 782. In doing so, the Court distinguished an earlier case, *Mempa v. Rhay*, 389 U.S. 128 (1967). In that case, the United States Supreme Court ruled that a defendant placed on probation as part of a deferred sentence was entitled to counsel at the hearing to revoke the probation and enter the initial sentence.

389 U.S. at 137. However, the *Gagnon* court held that the reasoning underpinning *Mempa* "does not require a hearing or counsel at the time of probation revocation in a case such as the present one, where the probationer was sentenced at the time of trial." 411 U.S. at 781.

¶ 13    The facts of the case before us fall between *Mempa* and *Gagnon.* Timoshchuk was sentenced upon entry of his plea in April 2015. But, unlike in *Gagnon,* the sentence did not include a suspended component that would take effect automatically upon revocation of probation. *Cf. People v. Abdul,* 935 P.2d 4 (Colo. 1997) (holding that a defendant is not entitled to a resentencing hearing or appointment of counsel after termination from a community corrections program).

¶ 14    We need not determine, however, whether due process, in light of its touchstone of fundamental fairness, requires appointment of counsel in all probation revocation hearings such as the one at issue here, because we conclude that the legislature has provided probationers facing revocation with a statutory right to counsel. *See Dami Hosp., LLC v. Indus. Claim Appeals Office,* 2017 COA 21, ¶ 15 (recognizing that courts should avoid constitutional issues that

need not be resolved in order to decide a case) (*cert granted* Sept. 11, 2017).

¶ 15    When the government seeks to revoke an offender's probation, the court is required, at the probationer's first appearance on the revocation, to "advise the probationer as provided in section 16-7-207 insofar as such matters are applicable; except that there is no right to a trial by jury in proceedings for revocation of probation." § 16-11-206(1), C.R.S. 2018.  Section 16-7-207, C.R.S. 2018, in turn, sets out a defendant's trial rights.  In particular, it provides that "it is the duty of the judge to inform the defendant and make certain that the defendant understands . . . [t]he defendant has a right to counsel." § 16-7-207(1)(b).

¶ 16    Of course, the probation revocation statute does not necessarily incorporate every right enumerated in section 16-7-207 into a probation revocation proceeding.  For example, section 16-7-207(1)(f) includes the right to a jury trial.  However, that right is explicitly excluded in probation revocation proceedings. § 16-11-206(1).  Also, section 16-7-207(1)(a) provides the defendant's right to remain silent.  However, in a probation revocation hearing, the prosecution may call the probationer as a witness, and his refusal

8

to answer questions may be used against him. *Byrd v. People*, 58 P.3d 50, 56-57 (Colo. 2002).

¶ 17     To our knowledge, no Colorado appellate court has directly addressed whether the interplay of sections 16-11-206 and 16-7-207 operates as a legislative grant of the right to counsel at a probation revocation hearing. Analyzing an earlier statute, the Colorado Supreme Court held that while a probationer was not entitled to a hearing (and, thus, presumably not entitled to counsel) prior to his probation being revoked, he was entitled to counsel at the time sentencing was imposed following the revocation.[3] *Gehl v. People*, 161 Colo. 535, 539-40, 423 P.2d 332, 334-45 (1967). The statute at issue in that case, however, did not include a cross-reference to statutory language incorporating any trial rights. *See* § 39-16-9, C.R.S. 1963.

¶ 18     In later cases, divisions of this court have clearly proceeded on the tacit assumption that a right to counsel at a probation revocation hearing exists, but have not engaged in a formal analysis

---

[3] Timoshchuk does not assert that his counsel's performance during his resentencing was deficient.

of the existence or source of this right. *See People v. Ruch*, 2013 COA 96, ¶¶ 16-27 (addressing a claim of improper denial of a request for substitute appointed counsel), *rev'd on other grounds*, 2016 CO 35; *People v. Firth*, 205 P.3d 445, 451 (Colo. App. 2008) (addressing a claim of ineffective assistance of counsel during a probation revocation hearing); *People v. Martin*, 987 P.2d 919, 928 (Colo. App. 1999) (same), *rev'd on other grounds*, 27 P.3d 846 (Colo. 2001); *cf. People v. Johnson*, 2017 COA 97, ¶ 79 (Harris, J., dissenting) (observing, in a case involving a probationer's right to bail while a revocation complaint is pending, that "[a]ll of the rights delineated in [section 16-7-201(1)], with the exception of the right to a jury trial, appear to be applicable to revocation proceedings").[4]

¶ 19    In our view, nothing in the statutory language suggests the legislature considered the right to counsel to be inapplicable at a probation revocation hearing. *See* § 16-11-206.[5]  Indeed, the very nature of the right to counsel suggests the contrary.  We note, for

---

[4] We do not express any opinion as to whether any other rights enumerated in section 16-7-207 are inapplicable to probation revocation proceedings.
[5] Neither party provided any legislative history for our consideration.

example, that a probation revocation is often the result of new charges filed against the probationer, as it was in Timoshchuk's case. It would be illogical, and would potentially engender confusion of roles, if a defendant in Timoshchuk's shoes were entitled to court-appointed counsel on the new charges, but that same attorney could not be appointed to provide advice as to how the new charges may impact the existing probation sentence. Further, even if no new charges are involved, the services of counsel would certainly be of assistance to probationers in presenting defenses to the revocation complaint and mitigation in post-revocation sentencing, at least where there has not been a binding suspended sentence included as a component of the initial probation term. For these reasons, we now make explicit what was previously merely presumed, and hold that the General Assembly has provided probationers with a right to counsel at a probation revocation hearing.

2.    Standard for Evaluating Probation Revocation Counsel

¶ 20    Having determined that a probationer has a statutory right to counsel at a probation revocation hearing in Colorado, we must next determine what standard of performance should be applied to

11

such counsel. Facing a similar question upon the recognition of a limited statutory right to postconviction counsel, the Colorado Supreme Court noted that "a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all." *Silva*, 156 P.3d at 1169 (quoting *Evitts v. Lucey*, 469 U.S. 387, 396 (1985)). As a result, the *Silva* court adopted the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984). For the same reasons, we hold that the *Strickland* standard is the appropriate test for evaluating the effectiveness of probation revocation counsel. *See Firth*, 205 P.3d at 451 (applying *Strickland* test at a probation revocation hearing).

¶ 21    *Strickland* established a two-prong test for ineffective assistance of counsel claims. 466 U.S. at 687. To prove an ineffective assistance of counsel claim, a defendant must show (1) that counsel's performance was deficient (in that it fell below an objective standard of reasonableness) and (2) that the deficient performance prejudiced his defense. *Id.* at 687-88; *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003).

¶ 22    As to the first prong of the *Strickland* test, the defendant must allege facts that, if true, show that in light of all the circumstances,

counsel's identified acts or omissions were outside the wide range of professionally competent assistance. *Ardolino*, 69 P.3d at 77. As to the second prong, the defendant must assert facts that, if true, show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Reasonable probability means a probability sufficient to undermine confidence in the outcome. *Id.*

### C. Analysis

¶ 23 Timoshchuk contends that the district court erred in summarily denying his claim that his probation revocation counsel failed to sufficiently investigate and advise him of the specific immigration consequences of his admission. We agree.

¶ 24 In cases involving noncitizen defendants, when the deportation consequence of a conviction "is truly clear," counsel must provide "correct advice." *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010); *People v. Kazadi*, 284 P.3d 70, 73 (Colo. App. 2011), *aff'd*, 2012 CO 73. Failing to do so falls below an objective standard of reasonableness. *Padilla*, 559 U.S. at 369.

¶ 25 As relevant here, federal immigration law provides that "[a]ny alien who is convicted of an aggravated felony at any time after

13

admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii) (2018).

Timoshchuk was convicted of an aggravated felony when he pleaded guilty to forgery and was subsequently sentenced to three years imprisonment. *See* 8 U.S.C. § 1101(a)(43)(R). Thus, it is clear that Timoshchuk could be subject to removal under this section for his aggravated felony conviction. Because § 1227(a)(2)(A)(iii) is "succinct and straightforward," Timoshchuk's probation revocation counsel should have advised him with certainty that his admission and resulting sentence could subject him to removal proceedings under this section. *Padilla*, 559 U.S. at 369; *People v. Campos-Corona*, 2013 COA 23, ¶ 13. We note that this omission alone would not be sufficient to sustain his claim under Crim. P. 35(c). Timoshchuk was also subject to removal proceedings because of a controlled substance conviction. *See* 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of . . . any law . . . relating to a controlled substance . . . is deportable."). Therefore, because he was already subject to removal based on a previous plea, he cannot demonstrate prejudice flowing from this particular omission by probation revocation counsel.

14

¶ 26    However, Timoshchuk's aggravated felony conviction also foreclosed an application for asylum that would halt his removal proceedings. An alien convicted of a "particularly serious crime" may not apply for asylum. 8 U.S.C. § 1158(b)(2)(A)(ii) (2018). "For purposes of clause (ii) of subparagraph (A), an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime." § 1158(b)(2)(B)(i). Thus, Timoshchuk became ineligible for asylum when he was sentenced to three years in prison for the forgery conviction. Again, because this statutory language is clear, his counsel should have advised him with certainty of the immigration consequences of his admission. *See Padilla*, 559 U.S. at 369; *Campos-Corona*, ¶ 13.

¶ 27    Timoshchuk was entitled to an advisement from counsel of the specific immigration consequences of his admission — namely, that he was subject to removal proceedings and was ineligible for asylum. He alleges he did not receive such advice. If true, he may be entitled to relief.

¶ 28    In summarily denying the postconviction motion, the district court stated that Timoshchuk had been advised that the convictions would have adverse consequences on his immigration

15

status.  While it is true that in his original written plea agreement, he acknowledged being advised, this fact alone is insufficient to defeat his right to a hearing.  *See United States v. Akinsade*, 686 F.3d 248, 254 (4th Cir. 2012) (holding that court's admonition that guilty plea *could* lead to deportation was not sufficient to cure lawyer's specific erroneous advice)*, cited with approval in People v. Morones-Quinonez,* 2015 COA 161, ¶ 23.  The issue is not only whether he received advice, but also whether any advice he did receive was adequate.  *Padilla,* 559 U.S. at 367.  Timoshchuk has alleged sufficient facts to warrant a hearing on the adequacy of the advice he received.

¶ 29    In support of his Crim. P. 35(c) motion, Timoshchuk attached an affidavit signed by his probation revocation counsel, stating that she did not provide him with a specific advisement of the immigration consequences of his admission.  However, it would be error for this court to render judgment on the pleadings based on an affidavit attached to a Rule 35(c) motion.  *People v. Smith,* 2017 COA 12, ¶ 17 (holding that an affidavit attached to a response to a Rule 35(c) motion is not a part of the record for purposes of determining whether to conduct a hearing).  Because the district

court is in a better position to make these factual determinations after conducting an evidentiary hearing, we must remand the case. *See People v. Walford,* 746 P.2d 945, 946 (Colo. 1987) (remanding for district court to make findings and conclusions because it was "far better suited to make these determinations").[6]

### III. Conclusion

¶ 30 The order is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

JUDGE HAWTHORNE and JUDGE BERNARD concur.

---

[6] The People are entitled to cross-examine Timoshchuk's probation revocation counsel in order to test the veracity of the statement and further explore what specifically was said. Moreover, the statements of his probation revocation counsel alone are not sufficient to determine whether Timoshchuk was prejudiced by the allegedly deficient advice, given that the record reflects he also received some immigration advice from his initial attorney prior to entering his April 2015 forgery plea. The People must be given the opportunity to explore the full extent of Timoshchuk's understanding at the time of his admission.