The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 16, 2019

## 2019COA75

**No. 17CA0628, *People v. Chalchi-Sevilla* — Criminal Procedure — Postconviction Remedies; Constitutional Law — Sixth Amendment — Right to Counsel; Attorneys and Clients — Ineffective Assistance of Counsel**

In this case, a division of the court of appeals reverses the trial court's summary denial of a pro se postconviction petition because the defendant alleged sufficient facts that, if true, may warrant relief. For the first time, the division concludes that the proper remedy is to remand with instructions to restore the postconviction petition to the point at which the error occurred; pursuant to Crim. P. 35(c)(3)(V), the postconviction court is instructed to refer the entire petition to counsel, and counsel is permitted to supplement the claims if deemed appropriate by counsel.

Court of Appeals No. 17CA0628
El Paso County District Court No. 10CR1604
Honorable Robin L. Chittum, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ricardo Chalchi-Sevilla,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE TOW
Taubman and Berger, JJ., concur

Announced May 16, 2019

Philip J. Weiser, Attorney General, Gabriel P. Olivares, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Ricardo Chalchi-Sevilla, Pro Se

¶ 1    Defendant, Ricardo Chalchi-Sevilla, appeals the postconviction court's order denying his Crim. P. 35(c) motion without appointing postconviction counsel or holding an evidentiary hearing. We reverse and remand for further proceedings.

## I.    Background

¶ 2    Chalchi-Sevilla shot and killed a store owner during an attempted robbery. At trial, the jury found him guilty of, among other charges, first degree felony murder and attempted aggravated robbery. The trial court sentenced him to life in the custody of the Department of Corrections (DOC) without the possibility of parole.

¶ 3    On direct appeal, a division of this court affirmed the judgment of conviction. *See People v. Chalchi-Sevilla*, (Colo. App. No. 12CA0202, Feb. 19, 2015) (not published pursuant to C.A.R. 35(f)).

¶ 4    Chalchi-Sevilla later filed the pro se Crim. P. 35(c) motion at issue, raising two claims of ineffective assistance of his trial counsel. His first claim related to his counsel's advice regarding whether he should accept a plea offer from the prosecution. His second claim related to his counsel's advice regarding whether he

1

should testify at trial. He requested that postconviction counsel be appointed to represent him.

¶ 5    The postconviction court issued a written order denying the Crim. P. 35(c) motion without appointing counsel or holding an evidentiary hearing.

## II.    Applicable Law and Standard of Review

¶ 6    A defendant's Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To prevail on an ineffective assistance claim, the defendant must show that counsel's performance was constitutionally deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice under *Strickland* where the ineffective assistance results in rejection of a plea offer and the defendant is convicted in the ensuing trial,

> a defendant must show that but for the ineffective advice of counsel, there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or

> sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 164.

¶ 7    A court may deny a defendant's Crim. P. 35(c) motion without an evidentiary hearing "only where the motion, files, and record in the case clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief." *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). But where the defendant alleges sufficient facts that, if true, may warrant relief, the court must conduct an evidentiary hearing. *People v. Simpson*, 69 P.3d 79, 81 (Colo. 2003).

¶ 8    We review a summary denial of a Crim. P. 35(c) motion de novo. *People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010).

### III.    Advice Regarding Plea Offer

¶ 9    Chalchi-Sevilla's first postconviction claim related to his counsel's advice whether to accept a plea offer from the prosecution that included a stipulated DOC sentence of sixty years. According to Chalchi-Sevilla, his counsel advised him to reject the plea offer because a sixty-year sentence was "equivalent to a life sentence,

3

and if the worst that could happen to [him by going to trial] is a life sentence, then why plead guilty to a life sentence."

¶ 10 Chalchi-Sevilla asserted that this advice was incorrect, or at least misleading, because counsel did not advise him regarding parole eligibility. Specifically, he alleged that his counsel failed to inform him that he would become eligible for parole after having served fifty percent of his sentence. He emphasized that he and his counsel had been actively pursuing a plea deal, and he alleged that he would have accepted the sixty-year offer if he had known about parole eligibility.

¶ 11 The postconviction court concluded that Chalchi-Sevilla did not show deficient performance. The court explained that trial counsel's statement that a sixty-year sentence is equivalent to a life sentence "can be interpreted as true." The court pointed out that, since Chalchi-Sevilla was twenty-six years old at the time of trial, he would be between fifty-six and seventy-one years old "at least" when he became eligible for parole. Therefore, the postconviction court concluded, "Counsel's advice was not deficient. It was true."

¶ 12 The postconviction court pointed out that Chalchi-Sevilla's belief that he would have been eligible for parole after serving fifty

4

percent of his sentence was incorrect, because his plea would likely have involved a crime of violence, which receives different parole treatment than nonviolent crimes. Thus, counsel's failure to advise Chalchi-Sevilla that he might be eligible for parole after serving fifty percent of his sentence was not deficient because such advice would not have been accurate.

¶ 13 As an initial matter, we note that the postconviction court's observations regarding the nature of the plea offer are not supported by the record. The record contains no description of the plea offer other than the stipulated sentence length. The postconviction court merely speculated as to the charges to which Chalchi-Sevilla would have been permitted to plead guilty, assuming that he would have been pleading guilty to second degree murder and other crimes of violence. The postconviction court then analyzed the potential parole impact of that presumed plea, concluding that Chalchi-Sevilla would not be eligible for parole until he had served at least seventy-five percent of this sentence. Because this would mean Chalchi-Sevilla would not be eligible for parole until he was over seventy years old, the postconviction court

concluded that Chalchi-Sevilla could not show his attorney's advice was deficient.

¶ 14     We disagree for three reasons.

¶ 15     First, the postconviction court can only rely on the record to determine whether the record refutes Chalchi-Sevilla's allegations. Its educated guesses about the nature of the purported plea offer cannot defeat Chalchi-Sevilla's right to a hearing.

¶ 16     Second, even if the postconviction court's belief as to the nature of the plea was correct, its analysis failed to account for Chalchi-Sevilla's eligibility for earned time credit.  *See* § 17-22.5-403(2.5), C.R.S. 2018.  Pursuant to section 17-22.5-405, C.R.S. 2018, Chalchi-Sevilla would be eligible to earn a deduction from his sentence of up to ten days per month.  If he earned all the credit available to him, he could reach parole eligibility as much as fifteen years earlier than calculated by the postconviction court.

¶ 17     Third, and most importantly, it appears the postconviction court misapprehended the nature of Chalchi-Sevilla's claim. Chalchi-Sevilla asserted in his petition for postconviction relief that he "was unable to properly evaluate the attractiveness of [the plea] offer because his attorney told him that the plea offer was

essentially identical to the punishment Chalchi-Sevilla faced if convicted at trial." The gravamen of his claim appears to be that a sentence — even a lengthy one — with the possibility of parole is fundamentally different than a sentence with no possibility of parole.

¶ 18    We recognize that, twenty-seven years ago, a division of this court wrote that "[e]ligibility for parole is a collateral consequence of [a] defendant's plea, and there is no requirement in our rules or the federal rules which require[s] that [a] defendant be advised on this subject." *People v. Moore*, 844 P.2d 1261, 1262 (Colo. App. 1992). Notably, though, an evidentiary hearing was held in *Moore*, and the postconviction court in that case heard evidence regarding the actual practice of defense attorneys and the parole board concerning the relevant parole issue addressed in *Moore*, which was a different parole issue than the one at issue in this case.

¶ 19    Further, the division in *Moore* cited an out-of-state case for that proposition, despite the fact that our own supreme court in *People v. Pozo* had already held just five years earlier that a criminal defense attorney may be required to advise a defendant about potential collateral consequences of a conviction, such as

7

immigration consequences. *See* 746 P.2d 523, 525-30 (Colo. 1987). In determining whether defense counsel had such a duty in a particular case, "the trial court must judge the reasonableness of the attorney's conduct on the basis of all of the factual circumstances of the particular case, viewed in light of the prevailing standards of minimally acceptable professional conduct as of the time of the challenged conduct." *Id.* at 527 (citing *Strickland*, 466 U.S. at 690).

¶ 20    We do not know the factual circumstances of trial counsel's discussion(s) with Chalchi-Sevilla about the prosecution's plea offer. We also do not know what the prevailing standard of practice was among the criminal defense bar at that time in terms of advising criminal defendants about the availability of parole or the timing of a defendant's parole eligibility. An evidentiary hearing is required to develop the record on both subjects to resolve these issues.[1] Thus,

---

[1] It is important to note what we do not decide here. We are not announcing a rule that defense counsel must provide a detailed and accurate prediction of when a defendant will be eligible for parole. Nor are we establishing the minimum parameters for what parole-related advice must be provided. Rather, we simply conclude that Chalchi-Sevilla is entitled to an evidentiary hearing at which he will have the opportunity to establish what the "prevailing standards of minimally acceptable professional conduct" were at the time of his

the postconviction court erred when it declined to appoint counsel and conduct an evidentiary hearing.

IV.   Remand for Further Proceedings Under Crim. P. 35(c)(3)(V)

¶ 21     Having concluded the postconviction court erred, we must determine the remedy.  In doing so, we consider at what point in the Rule 35 process the error occurred.  In his postconviction petition, Chalchi-Sevilla requested counsel be appointed.  On appeal, he requests this court to remand the matter for appointment of counsel and for a hearing.

¶ 22     Had the postconviction court correctly determined that Chalchi-Sevilla's petition presented sufficient facts to warrant a hearing on at least one issue, the court would have referred the matter to counsel, who would have been given time to review the matter and, if necessary, supplement the petition with any additional claims the attorney felt had arguable merit.  Crim. P. 35(c)(3)(V).

¶ 23     We clarify two key points here.  First, we note that, historically, where divisions of this court have found error in a

decision to reject the plea offer.  *People v. Pozo*, 746 P.2d 523, 527 (Colo. 1987).

9

postconviction court's denial of a motion under Crim. P. 35(c)(3)(IV), those opinions have simply required an evidentiary hearing on remand. Such remand language neither explicitly instructed the postconviction court to put the train back on the tracks at the point it derailed, nor explicitly prohibited it. As a consequence, our instructions may not have been sufficiently clear.

¶ 24 We conclude that in cases where a postconviction court erroneously denies a Rule 35(c) motion without a hearing under Crim. P. 35(c)(3)(IV), the appropriate procedure is to fulfill what Crim. P. 35(c)(3)(V) requires by remanding with directions to appoint postconviction counsel (if the defendant requested appointment of counsel in the petition), allow counsel time to investigate and supplement the petition with additional claims if need be, and *then* hold the evidentiary hearing on any potentially meritorious claims.

¶ 25 Second, based on our construction and understanding of Crim. P. 35(c)(3)(IV) and (V), if a defendant's pro se Crim. P. 35(c) motion presents at least one potentially meritorious claim, the postconviction court shall provide "a complete copy" of the motion to appointed counsel. Crim. P. 35(c)(3)(V). After receiving any

supplemental claims, the postconviction court may order a response by the prosecution and reply by the defendant.

¶ 26    So here, we need not address the merits of the postconviction court's denial of Chalchi-Sevilla's second claim regarding his trial counsel's advice on whether he should testify at trial.  Because Chalchi-Sevilla's first claim had potential merit, the postconviction court should have proceeded to Crim. P. 35(c)(3)(V) by referring the complete pro se motion to counsel and allowing counsel to supplement any potentially meritorious claims.  On remand, postconviction counsel can determine whether to continue to pursue Chalchi-Sevilla's claim pertaining to trial counsel's advice regarding testifying at trial.  And, if postconviction counsel pursues this claim, the postconviction court may still resolve the issue without a hearing if, based on the pleadings before the court at that time, it concludes that the claim lacks sufficient factual or legal grounds for relief.  *See* Crim. P. 35(c)(3)(V).

V.    Conclusion

¶ 27    The order denying Chalchi-Sevilla's Crim. P. 35(c) motion without an evidentiary hearing is reversed.  The case is remanded for the postconviction court to conduct further proceedings under

11

Crim. P. 35(c)(3)(V), including appointing postconviction counsel for Chalchi-Sevilla, allowing postconviction counsel to supplement Chalchi-Sevilla's pro se Crim. P. 35(c) motion, and conducting an evidentiary hearing on Chalchi-Sevilla's claim that his trial counsel was ineffective during plea discussions by failing to advise him regarding parole eligibility, as well as resolving any other claims (including, if pursued by counsel, Chalchi-Sevilla's second pro se claim) pursuant to Crim. P. 35(c)(3)(V).

JUDGE TAUBMAN and JUDGE BERGER concur.