24CA0116 Peo v Allen 03-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0116
El Paso County District Court No. 18CR2951
Honorable Samuel A. Evig, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Marty Cornell Allen,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE BROWN
J. Jones and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 20, 2025

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Marty Cornell Allen, Pro Se

¶ 1     Defendant, Marty Cornell Allen, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I.     Background

¶ 2     Allen entered Brian Aguiluz's hotel room wearing a stocking mask and gloves and pointing a gun.  Aguiluz was next to the door when Allen entered.  A division of this court described the ensuing events as follows:

> Aguiluz grabbed Allen and the two struggled over the gun, though Allen maintained possession of it.  During the struggle, the gun was fired three times.  After the gun was fired, the clip fell out of the gun and Aguiluz hit Allen with it.  Allen then beat Aguiluz with the butt of the gun, causing a deep laceration.

*People v. Allen*, slip op. at ¶ 3 (Colo. App. No. 19CA1628, Mar. 31, 2022) (not published pursuant to C.A.R. 35(e)) (*Allen I*).  Based on this evidence, a jury found Allen guilty of attempted second degree murder, second degree assault, and menacing.

¶ 3     On direct appeal, as relevant here, Allen contended that (1) the evidence was insufficient to establish his conviction for attempted second degree murder, and (2) the trial court erred by instructing the jury on the provocation exception to self-defense.  *Id.* at ¶¶ 5, 9.

1

A division of this court affirmed Allen's convictions. It concluded that there was sufficient evidence to show that Allen knowingly took a substantial step toward causing Aguiluz's death and declined to address the alleged instructional error under the invited error doctrine because Allen's counsel had submitted the proposed instruction. *Id.* at ¶¶ 8-11.

¶ 4   Allen filed a pro se Crim. P. 35(a) motion arguing, in relevant part, that his conviction and sentence for felony menacing should be vacated because the jury found him guilty of only misdemeanor menacing. The People conceded the error, and the postconviction court vacated Allen's felony menacing conviction and entered a conviction and sentence for misdemeanor menacing.

¶ 5   Later, Allen timely filed the pro se Crim. P. 35(c) motion at issue in this appeal, asserting several claims of ineffective assistance of counsel. The postconviction court denied the motion in a written order, without asking for a response from the prosecution and without holding a hearing.

## II.   Discussion

¶ 6   Allen contends that trial counsel provided ineffective assistance (1) at his preliminary hearing; (2) by inviting or failing to

object to instructional deficiencies; and (3) by permitting his erroneous conviction and sentence for felony menacing. We agree with the postconviction court that these claims do not merit a hearing.

### A. Standard of Review and Applicable Law

¶ 7　We review de novo the denial of a Crim. P. 35(c) motion without a hearing. *People v. Marquez*, 2020 COA 170M, ¶ 17. A district court may deny a Crim. P. 35(c) motion without a hearing if the motion, files, and record of the case clearly show that the defendant is not entitled to relief. Crim. P. 35(c)(3)(IV).

¶ 8　To adequately allege a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must (1) "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" (the deficient performance prong), *id.* at 690; and (2) "assert facts that, if true, show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong), *People v. Timoshchuk*, 2018 COA 153, ¶ 22. When a defendant alleges sufficient facts that, if true, may warrant relief, the postconviction court must hold an

3

evidentiary hearing. *People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 7. However, the court may deny an ineffective assistance claim without conducting a hearing when the supporting allegations are bare and conclusory; fail to establish either prong of the *Strickland* test, even if taken as true; or are directly refuted by the record. *People v. Duran*, 2015 COA 141, ¶ 9; *see* Crim. P. 35(c)(3)(IV); *see also People v. Segura*, 2024 CO 70, ¶ 7.

## B. Preliminary Hearing

¶ 9 The prosecution initially charged Allen with attempted first degree murder, second degree assault, and menacing. At the preliminary hearing, the trial court found that the prosecution had not established probable cause for attempted *first* degree murder and offered to consider an amended charge of attempted *second* degree murder. The prosecution orally moved to amend the charge, the court granted the motion, and the court found probable cause for attempted second degree murder.

¶ 10 Allen claims that his counsel provided ineffective assistance because (1) Allen did not receive a preliminary hearing on the attempted second degree murder charge, and (2) counsel failed to object when the trial court "acted as a lawyer" by offering to

4

consider the amended charge. We conclude that the record refutes the first claim and that no relief is available as to either claim.

¶ 11 First, the record demonstrates that the district court held a preliminary hearing, at which it found that the prosecution had established probable cause with respect to the amended charge of attempted second degree murder. A jury then found Allen guilty of attempted second degree murder beyond a reasonable doubt, rendering moot any possible error in the findings at the preliminary hearing and eliminating any prejudice from counsel's allegedly deficient performance. *Cf. People v. Morse*, 2023 COA 27, ¶ 68.

¶ 12 Second, Allen failed to sufficiently allege prejudice for either claim under *Strickland*. Rather, in bare and conclusory fashion, and without any supporting facts, he baldly alleged that his rights to due process and a fair trial were violated. *See Duran*, ¶ 9; *People v. Delgado*, 2019 COA 55, ¶ 8 (in such circumstances, a court may deny a Crim. P. 35(c) motion without a hearing).

¶ 13 For these reasons, we conclude that the postconviction court properly denied this claim without a hearing under Crim. P. 35(c)(3)(IV).

¶ 14 Allen also claims that his counsel provided ineffective assistance by inviting an erroneous provocation self-defense instruction, failing to object to an elemental second degree murder instruction, and failing to object to a definitional instruction on serious bodily injury. We agree with the postconviction court that these claims do not merit a hearing. *See People v. Cooper*, 2023 COA 113, ¶ 7 (we may affirm a postconviction court's ruling on any ground supported by the record).

### 1. Self-Defense Instruction

¶ 15 Allen first claims that his trial counsel provided ineffective assistance by submitting a self-defense jury instruction that included a provocation exception. *See* § 18-1-704(3)(a), C.R.S. 2024 (A person is not justified in using physical force in self-defense if, "[w]ith intent to cause bodily injury or death to another person, he provokes the use of unlawful physical force by that other person."); COLJI-Crim. H:11 (2024); *see also Allen I*, ¶¶ 9-12. For *Strickland*'s deficient performance prong, Allen asserts that there was no evidence of provocation at his trial, so it was ineffective to allow an instruction on provocation. For the prejudice prong, Allen alleges

6

that the appellate court determined that his counsel had invited any error in the instruction and that his rights to due process and a fair trial were violated.

¶ 16    But Allen does not allege any facts showing a reasonable probability that the result of the proceeding would have been different if the jury had not been instructed on provocation.[1]  Thus, even assuming, without deciding, that his trial counsel's performance was deficient, Allen's bare and conclusory allegation that his constitutional rights were violated does not sufficiently allege *Strickland* prejudice to warrant a hearing.  *See Dunlap*, ¶ 9; *Delgado*, ¶ 8.  Accordingly, we conclude that the postconviction court properly denied this claim under Crim. P. 35(c)(3)(IV).

---

[1] Allen correctly notes that the division in his direct appeal declined to consider his claim that the trial court erred by giving the instruction under the invited error doctrine.  *People v. Allen*, slip op. at ¶ 9 (Colo. App. No. 19CA1628, Mar. 31, 2022) (not published pursuant to C.A.R. 35(e)).  But the division's decision not to review the claimed error does not mean there was, in fact, an error or that any error caused harm.  To establish this claim of ineffective assistance of counsel, Allen must still allege a reasonable probability that the result of the proceeding would have been different but for counsel's decision to submit the instruction.  He failed to do so.

## 2. Elemental Second Degree Murder Instruction

¶ 17    Next, Allen claims that his counsel provided ineffective assistance by failing to object to an elemental jury instruction on second degree murder.  *See* § 18-3-103(1)(a), C.R.S. 2024 (A person commits second degree murder if the person "knowingly causes the death of a person.").  He alleges that counsel's failure to object was unreasonable because Allen was not accused of causing a death, and the instruction prejudiced him because it violated his rights to due process and a fair trial.

¶ 18    This ineffective assistance claim fails because Allen does not allege facts establishing either prong of the *Strickland* test.  It is true that Allen was not charged with causing a death, but it was proper for his jury to be instructed on second degree murder because he was charged with an attempt to commit that crime.  *See* COLJI-Crim. G2:01 cmt. 3 (When a defendant is charged with attempt to commit an offense, "an elemental instruction defining the attempted crime should immediately follow the instruction defining an attempt.").  Because counsel does not perform deficiently by failing to object to a correct instruction, and because Allen's bald assertion that his constitutional rights were violated

does not adequately allege prejudice under *Strickland*, this claim too was properly denied under Crim. P. 35(c)(3)(IV).

### 3. Definition of Serious Bodily Injury

¶ 19     Allen also claims that his counsel provided ineffective assistance by failing to object to an instruction containing the definition of "serious bodily injury" (along with definitions of "bodily injury," "deadly weapon," "firearm," and "person"). Allen alleges that this instruction was defective because the evidence at trial did not establish that Aguiluz suffered serious bodily injury and that he was deprived of a fair trial as a result of his counsel's failure to object.

¶ 20     This claim also fails to establish either *Strickland* prong, for similar reasons. When a defendant is charged with menacing, the jury should receive an instruction defining "serious bodily injury" because it is an element of the offense. *People v. Fichtner*, 869 P.2d 539, 543 (Colo. 1994); *see* § 18-3-206, C.R.S. 2024 ("A person commits the crime of menacing if . . . he or she knowingly places or attempts to place another person in fear of imminent *serious bodily injury*.") (emphasis added). Because the motion, files, and record of the case clearly show that Allen is not entitled to relief, and again

because Allen's bald assertion that his constitutional rights were violated does not adequately allege prejudice under *Strickland,* we conclude that the postconviction court properly denied this claim under Crim. P. 35(c)(3)(IV).

### D.    Felony Menacing Conviction

¶ 21    Lastly, Allen claims that his trial counsel provided ineffective assistance by not objecting when the district court entered a judgment of conviction on felony menacing even though the jury was not instructed to consider whether he used a firearm.  *See* § 18-3-206 (Unless committed by the use of a real or simulated firearm, knife, or bludgeon, "[m]enacing is a class 1 misdemeanor."). We conclude that the postconviction court properly denied this claim without a hearing because the underlying issue was raised and resolved in a prior postconviction proceeding, as described in Part I.  *See* Crim. P. 35(c)(3)(VI).  The issue was resolved in Allen's favor, and no further relief is available.

### III.    Final Considerations

¶ 22    We have broadly construed Allen's pro se Crim. P. 35(c) motion "to effectuate the substance, rather than the form" of his claims. *People v. Cali,* 2020 CO 20, ¶ 34.  Nonetheless, we have not

considered any allegations in the Allen's brief that were not presented to the postconviction court in his motion. *See id.* And we have not addressed any claims Allen raised in his motion but did not discuss on appeal. *See Delgado,* ¶ 9 n.3. Specifically, to the extent Allen claimed trial error or ineffective assistance in his motion based on Aguiluz's grant of use immunity, prosecutorial misconduct in closing argument, or a failure to timely disclose his affirmative defense of self-defense, we deem those claims abandoned because he did not raise them on appeal. *Id.*

¶ 23 Finally, to the extent Allen's motion and appeal directly challenge his convictions based on judicial misconduct, insufficient evidence, or instructional error at trial, we will not address those claims because they were either raised and resolved or could have been presented on direct appeal. *See* Crim. P. 35(c)(3)(VI), (VII) (barring successive claims); *see also Allen I,* ¶¶ 5-8 (addressing sufficiency of the evidence for attempted murder).

## IV. Disposition

¶ 24 The order is affirmed.

JUDGE J. JONES and JUDGE YUN concur.

11