23CA0603 Peo v Elhoweris 02-05-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0603
Arapahoe County District Court No. 14CR1984
Honorable Ryan J. Stuart, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Amin Elhoweris,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Moultrie and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

---

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Zobel Law, LLC, Cassandra Zobel, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Amin Elhoweris appeals the postconviction court's order denying his Crim. P. 35(c) motion.[1]  He contends that the court should have held an evidentiary hearing on his claim that trial counsel was ineffective by failing to investigate and present an intoxication defense.[2]  Because we conclude that Elhoweris did not sufficiently allege prejudice, we affirm.

## I.     Background

¶ 2     For his involvement in a gang-related shooting, a grand jury indicted Elhoweris on charges of first degree murder, two counts of attempted first degree murder (after deliberation and extreme indifference), and conspiracy to commit first degree murder.

---

[1] Because the record is unclear as to whether Elhoweris's name is spelled with a hyphen (El-Howeris), we adopt the spelling used by both parties in this appeal.

[2] As we understand it, Elhoweris appeals the denial of his first postconviction claim, which alleged that defense counsel failed to adequately investigate and present evidence of both voluntary and involuntary intoxication.  The jury, however, considered and rejected voluntary intoxication.  Thus, although Elhoweris refers simply to "intoxication defense" in his briefing, because he doesn't develop any argument specific to voluntary intoxication, we construe "intoxication defense" as referring only to involuntary intoxication.

¶ 3     Early in the case, Elhoweris told his trial counsel that he had taken four pills of Percocet (a pain medication) over a two-day period before the shooting and had also smoked marijuana and drunk alcohol on the day of the shooting.  Trial counsel obtained some medical records and went back and forth as to whether to present an expert witness on involuntary intoxication.  Though trial counsel consulted with an expert witness, he ultimately did not call an expert witness to testify about involuntary intoxication.

¶ 4     At the close of evidence, trial counsel asked for an involuntary intoxication instruction, but the court declined because there was "no independent evidence of involuntary intoxication."  The court agreed, however, to instruct the jury on voluntary intoxication.

¶ 5     In closing, the prosecution argued Elhoweris was guilty — not as the shooter — but under a complicity theory.  Trial counsel countered that Elhoweris did not commit these crimes, he "was just merely present" when they happened, and he was not guilty "by association."  He also emphasized that Elhoweris was "in and out of it," directed the jury to the voluntary intoxication instruction, and argued that because Elhoweris was incapacitated through "trauma"

and "perhaps through other substances," he did not have the requisite intent.

¶ 6 The jury convicted Elhoweris as charged. The trial court imposed a controlling sentence of life in prison without the possibility of parole. A division of this court affirmed the judgment. *People v. El-Howeris*, (Colo. App. No. 16CA0653, Oct. 4, 2018) (not published pursuant to C.A.R. 35(e)).

¶ 7 Elhoweris then moved for postconviction relief under Crim. P. 35(c), arguing, as relevant here, that trial counsel provided ineffective assistance by failing to "adequately investigate and present evidence of potential defenses of voluntary and involuntary intoxication."

¶ 8 The postconviction court denied that claim without a hearing, concluding that Elhoweris "had not pled sufficient facts to establish the failure to investigate or present an intoxication defense would have likely changed the outcome at trial."

## II. Discussion

¶ 9 Elhoweris contends that the postconviction court erred when it denied his claim without a hearing because he says the court "applied the wrong legal standard." We disagree.

A. Standard of Review and Legal Principles

¶ 10 To state a claim for ineffective assistance of counsel, a defendant must allege facts sufficient to show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). Under the first prong of this test, the defendant must identify acts or omissions of counsel that "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88, 690 (1984). Under the second prong, the defendant "must assert facts that, if true, show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Timoshchuk*, 2018 COA 153, ¶ 22. "Reasonable probability means a probability sufficient to undermine confidence in the outcome." *Id.*

¶ 11 A postconviction court may deny a Crim. P. 35(c) motion without a hearing if the motion, files, and record in the case clearly establish that the allegations in the defendant's motion do not warrant postconviction relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003); *see* Crim. P. 35(c)(3)(IV). Thus, a court may deny the motion without a hearing if, for example, the record refutes the

4

claims or if the allegations, even if true, fail to satisfy one or both *Strickland* prongs. *People v. Phipps*, 2016 COA 190M, ¶ 19; *see People v. Duran*, 2025 COA 34, ¶ 15.

¶ 12 We review de novo the denial of a Crim. P. 35(c) claim without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

## B.    Intoxication Defense

¶ 13 Even if we assume that Elhoweris's postconviction motion sufficiently alleged deficient performance with respect to investigating and presenting an intoxication defense, we conclude that the motion failed to sufficiently allege prejudice.

¶ 14 To be specific, the motion failed to allege facts to show a reasonable probability that the outcome of the trial would have been different had trial counsel investigated or presented an intoxication defense. *See Strickland*, 466 U.S. at 694. What's more, the motion failed to allege sufficient facts to establish an involuntary intoxication defense. That is, the motion didn't allege that the combination of ingesting Percocet, marijuana, and alcohol "resulted in [Elhoweris's] lack of capacity to conform his . . . conduct to the requirements of law." *People v. Garcia*, 113 P.3d

775, 783 (Colo. 2005); *see also* § 18-1-804, C.R.S. 2025 (explaining and defining "[i]ntoxication").

¶ 15      Worse still, the motion conceded the lack of prejudice, stating that "it was very unlikely that [Elhoweris] would be able to prevail at trial — even if he had been able to assert an intoxication defense"; "an intoxication defense was unlikely to succeed"; and even with Elhoweris's "testimony in support of an intoxication defense, he was likely to be convicted."

¶ 16      Because the postconviction motion not only failed to allege *Strickland* prejudice but affirmatively disclaimed any prejudice related to the purported deficiencies in not investigating and presenting an intoxication defense, the postconviction court properly denied this claim without a hearing. *See Duran,* ¶ 15.

¶ 17      We are not persuaded otherwise by Elhoweris's insistence that it was "not his burden" to plead "sufficient facts to establish the failure to investigate or present an intoxication defense would have likely changed the outcome at trial." That is in fact what *Strickland* requires. *See Timoshchuk,* ¶ 22; *see also People v. Stovall,* 2012 COA 7M, ¶ 29 (noting that the defendant has the "burden of alleging facts that would allow the postconviction court to find that

6

he was prejudiced by counsel's alleged failure to investigate").  And a defendant is not entitled to a hearing unless he alleges facts that if true would provide a basis for relief.  *White v. Denv. Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).  We therefore reject Elhoweris's claim that the postconviction court applied the wrong legal standard when it denied this claim without a hearing.

## C. Abandoned Claims

¶ 18 Because Elhoweris does not reassert his remaining postconviction claims, we deem them abandoned and don't address them.  *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) ("[F]ailure to specifically reassert on this appeal all of the claims which the district court disposed of . . . constitutes a conscious relinquishment of those claims . . . .").

## III. Disposition

¶ 19 The order is affirmed.

JUDGE MOULTRIE and JUDGE TAUBMAN concur.