24CA2177 Peo v Gray 05-14-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2177
Larimer County District Court No. 15CR926
Honorable Stephen J. Jouard, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Eric David Gray,

Defendant-Appellant.

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Martinez*, and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

Philip J. Weiser, Attorney General, Paul Koehler, Senior Counsel, Denver,
Colorado for Plaintiff-Appellee

Eric David Gray, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Eric David Gray appeals the district court's order denying his Crim. P. 35(c) motion without a hearing.  We affirm.

## I.     Background

¶ 2     The prosecution charged Gray with first degree murder after he shot and killed a neighboring landowner, Gerald Donovan.  At trial, the prosecution presented evidence that Gray and Donovan had been engaged in a longstanding property dispute, and the two had argued on the day of the shooting because Gray's trailer was parked partially in the road.  Gray entered his house to retrieve a rifle, and when Donovan walked onto Gray's driveway, Gray shot him.

¶ 3     Gray put forth a hybrid theory of defense.  He argued that he did not form the requisite mental state for first degree murder because he was experiencing persecutory delusions and paranoia and genuinely feared that Donovan had a gun — thus, in his mind, he was acting in self-defense.  He called several experts who testified that he indeed had a mental illness that caused delusions and paranoia.  The jury was instructed on self-defense as well as the elements of first degree murder, second degree murder, and manslaughter.  It found Gray guilty of first degree murder.

¶ 4     Gray appealed the judgment of conviction, challenging the trial court's rejection of five tendered jury instructions and two of its evidentiary rulings.  A division of this court affirmed.  *People v. Gray,* (Colo. App. No. 18CA2432, July 28, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 5     Gray timely filed a pro se Crim. P. 35(c) motion raising twenty claims.  The postconviction court appointed counsel to supplement the motion and ordered the prosecution to respond.  After reviewing the parties' submissions, including their attached exhibits, the court denied Gray's motion in a lengthy written order without granting a hearing.

## II.     Discussion

¶ 6     Acting pro se, Gray appeals the postconviction court's ruling as to seven of his claims.  He contends that the district court erred by denying his motion and not holding an evidentiary hearing.  We disagree.

## A.     Standard of Review

¶ 7     We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing.  *See People v. Marquez,* 2020 COA 170M, ¶ 17.  When a court determines that a pro se motion is not

wholly unfounded, appoints counsel, and orders a response from the prosecution, it may deny the motion without an evidentiary hearing if, "'based on the pleadings,' it is appropriate to enter a ruling without holding a hearing." *People v. Martinez*, 2026 COA 7, ¶ 10 (quoting Crim P. 35(c)(3)(V)); *see People v. Segura*, 2024 CO 70, ¶ 4.

¶ 8    We may affirm the postconviction court's ruling on any ground supported by the record. *People v. Cooper*, 2023 COA 113, ¶ 7.

### B.    Successive Claims

¶ 9    First, Gray claimed that he is entitled to postconviction relief because (1) the jurors could not hear his trial proceedings; (2) the prosecutor lied about two facets of evidence during cross-examination and closing argument; and (3) the trial court erroneously admitted unfairly prejudicial gun evidence that police had unconstitutionally seized from his home. Each of these claims could have been raised on direct appeal.

¶ 10    A postconviction court must "deny any claim that could have been presented in an appeal previously brought." *People v. Houser*, 2020 COA 128, ¶ 15 (quoting Crim. P. 35(c)(3)(VII)). This bar on successive claims provides five exceptions, including one for claims

"where an objective factor, external to the defense and not attributable to the defendant, made raising the claim impracticable."  Crim. P. 35(c)(3)(VII)(e).

¶ 11     Gray's motion did not allege that any exceptions apply to the bar on his three successive claims.  However, on appeal, Gray argues that an exception applies to his gun evidence claim — that it would have been impracticable to raise that claim on direct appeal due to an insufficient appellate record.  We do not address Gray's attempt, in his appellate brief, to fortify a claim inadequately presented in his motion.  *See People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996).

¶ 12     Because these three claims are successive, and Gray's motion did not allege that any exceptions to the successiveness bar applied, the postconviction court was required to deny the claims.  *See* Crim. P. 35(c)(3)(VII).  It did not err in doing so.

### C.    Ineffective Assistance of Counsel Claims

¶ 13     Next, Gray claimed that his trial counsel was ineffective for failing to (1) poll the jury; (2) call Gray's brother as a witness; (3) show that Gray's alleged fear of Donovan was grounded in the reality of their longstanding property dispute, in addition to his

mental-illness-related perceptions; and (4) show that Donovan was trespassing on Gray's property when he was shot, for the purpose of establishing a defense-of-premises defense.

¶ 14 To sufficiently allege an ineffective assistance of counsel claim, a defendant must (1) "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" (the deficient performance prong), *Strickland v. Washington*, 466 U.S. 668, 690 (1984); and (2) "assert facts that, if true, show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong), *People v. Timoshchuk*, 2018 COA 153, ¶ 22.

¶ 15 A postconviction court may deny an ineffective assistance claim without conducting a hearing when the supporting allegations are bare and conclusory; when the defendant fails to allege facts that, if taken as true, would satisfy both *Strickland* prongs; or when the record directly refutes the claim. *People v. Duran*, 2015 COA 141, ¶ 9; *see* Crim. P. 35(c)(3)(IV). However, when a defendant alleges sufficient facts that, if true, may warrant relief, the court

must hold an evidentiary hearing. *People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 7; *see Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 16 Gray did not allege any prejudice related to his first two ineffective assistance claims — that counsel failed to poll the jury and to call his brother as a witness. Because his motion was devoid of facts supporting *Strickland*'s prejudice prong for these claims, the district court properly denied them without a hearing.

¶ 17 For his third ineffective assistance claim — that counsel failed to show how his history with Donovan caused a heightened sense of fear — Gray alleged prejudice only as follows: "the outcome of the trial probably would have been different had the jury been made aware of the reasons for Gray's fear." This bare and conclusory statement of prejudice is insufficient to warrant a hearing. *See Townsell v. People*, 2026 CO 11M, ¶ 34 ("While a defendant need not use particular words [to allege *Strickland* prejudice], he must do more than make conclusory allegations."). Moreover, the record shows that the jury heard substantial evidence showing that Gray's strained relationship with Donovan could have contributed to his perceptions and fear on the day of the shooting. Counsel also argued in closing that Gray's prior experiences with Donavan had

affected his perceptions. For these reasons, Gray's third ineffective assistance of counsel claim did not warrant a hearing.

¶ 18    As we understand Gray's *Strickland* allegations for his final ineffective assistance claim, Gray alleged that (1) counsel's performance was deficient because they did not produce several exhibits showing that Donovan was trespassing on Gray's property when he was shot; and (2) if counsel had shown that evidence, the trial court would have allowed a defense-of-premises defense, creating a reasonable probability that the jury would have found him guilty of a lesser offense. However, the record demonstrates that the trial court rejected a defense-of-premises defense based on statutory limitations unrelated to whether Donovan was trespassing. Assuming that Donovan was on Gray's property when he was shot, the court reasoned that the alleged circumstances did not meet the criteria for the justifiable use of deadly force (1) in defense of premises, which requires a reasonable belief that *the trespasser is attempting first degree arson, see* § 18-1-705, C.R.S. 2025; or (2) against an intruder, which requires unlawful entry into a *dwelling, see* § 18-1-704.5, C.R.S. 2025.

¶ 19    Because the record refutes Gray's allegation that the result of the proceeding would have been different if his counsel had introduced evidence of Donovan's location at the time of the shooting, we conclude that the postconviction court appropriately denied this claim without a hearing.  *See People v. McDowell*, 219 P.3d 332, 340 (Colo. App. 2009) (concluding that the defendant could not have been prejudiced by trial counsel's failure to raise a defense that would not have succeeded).

## III.    Disposition

¶ 20    The order is affirmed.

JUSTICE MARTINEZ and JUDGE HAWTHORNE concur.