**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**David E. BATH and Jeffrey W. Giardina, Defendants–Appellants.**

**No. 93CA0519.**

Colorado Court of Appeals, Div. V.

June 2, 1994.

As Modified on Denial of Rehearing July 7, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Keller, Wahlberg and Morrato, P.C., Alex S. Keller, David A. Ogilvie, P.C., David Ogilvie, Denver, for defendants-appellants.

Opinion by Judge NEY.

Defendants, David Eugene Bath and Jeffrey William Giardina, appeal the judgment of conviction finding them guilty of sexual exploitation of children and of conspiracy. We reverse and remand with instructions.

Defendants participated in a party held on March 5, 1991, in a local motel room. Five of the six people attending, including defendants, took part in various sexual activities

while the sixth person videotaped the happenings. All of the participants were over eighteen years of age, with the exception of the victim who was born on May 24, 1973, and was therefore seventeen years, nine months old at the time of the event.

Some time later a copy of the videotape and other materials were brought to the police. Thereafter, defendants were charged with two counts of sexual exploitation of children in violation of § 18–6–403, C.R.S. (1986 Repl.Vol. 8B) and one count of conspiracy in violation of § 18–2–201, C.R.S. (1986 Repl. Vol. 8B).

Upon a trial to the court, they were found guilty as charged. As a result, defendants were sentenced to three years' conditioned probation. This appeal followed.

## I.

Defendants contend that the trial court erred in ruling that the People were not required to prove defendants had actual knowledge that one of the participants was under eighteen years of age and in applying the affirmative defense provisions of § 18–3–406(1), C.R.S. (1986 Repl.Vol. 8B). We do not agree.

## A.

■ The pertinent portions of § 18–6–403 state:

(2)(a) Child means a person who is less than eighteen years of age.

(3) A person commits sexual exploitation of a child if, for any purpose, he *knowingly:*

(a) Causes, induces, entices, or permits a child to engage in, or be used for, any explicit sexual conduct for any commercial purpose or the making of any sexually exploitative material; or

(b) Prepares, arranges for, publishes, produces, promotes, makes, sells, finances, offers, exhibits, advertises, deals in, or distributes any sexually exploitative material. (emphasis added)

Section 18–3–406, C.R.S. (1986 Repl.Vol. 8B) provides:

(1) If the criminality of conduct depends on a child's being below the age of eighteen and the child was in fact at least fifteen years of age, it shall be an affirmative defense that the defendant *reasonably believed the child to be eighteen years of age or older.*

(2) If the criminality of conduct depends upon a child being below the age of fifteen, it shall be no defense that the defendant did not know the child's age or that he reasonably believed the child to be fifteen years of age or older. (emphasis added)

When a statute defining an offense prescribes as an element thereof a specified culpable mental state, the mental state is deemed to apply to every element of the offense *unless an intent to limit its application clearly appears.* Section 18–1–503(4), C.R.S. (1986 Repl.Vol. 8B). Accordingly, absent a clear intent to the contrary, the requisite mental state of "knowingly" must be deemed to apply to every element of the offense of sexual exploitation of a child, including the element of age. *See People v. Trevino,* 826 P.2d 399 (Colo.App.1991).

The trial court concluded that the affirmative defense provision eliminates the culpable mental state as to age prescribed by § 18–6–403(3), "knowingly," and replaces it with that prescribed by § 18–3–406(1), "[lack of] reasonable belief." We agree with the trial court that this is the correct standard. We thereby reject the People's primary contention that *no* element of scienter applies to the age of the victim. Indeed, our supreme court has held that, under the First Amendment, an element of scienter is required for § 18–6–403(3)(b) to be constitutional. *People v. Batchelor,* 800 P.2d 599 (Colo.1990).

We conclude that § 18–3–406(1), C.R.S. (1986 Repl.Vol. 8B), providing for the affirmative defense of reasonable belief, manifests a clear legislative intent that the culpable mental state of "knowingly" does not apply to the age of the victim.

We note that the General Assembly has amply demonstrated its ability to limit the application of the affirmative defense and create an offense of strict liability in which no proof of culpable mental state related to age is required. For example, in addition to

§ 18–3–406(2), C.R.S. (1986 Repl.Vol. 8B) (when child is below age fifteen), § 18–7–407, C.R.S. (1986 Repl.Vol. 8B) states that, in prosecutions for child prostitution, "it shall be no defense that the defendant did not know the child's age or that he reasonably believed the child to be eighteen years of age or older." *See also People v. Suazo*, 867 P.2d 161 (Colo.App.1993) (plain language of assault on elderly statute creates an offense of strict liability).

We, therefore, perceive no error in the conclusion of the trial court that defendants sufficiently raised the affirmative defense that they "reasonably believed" the child to be at least eighteen. *Lybarger v. People*, 807 P.2d 570 (Colo.1991) (question of whether there is credible evidence to support an affirmative defense is for the trial court).

### B.

■ Even though we agree that the trial court correctly determined that defendants, by presenting credible evidence on the issue, had invoked the affirmative defense contained in 18–3–406(1), the prosecution still bore the burden of establishing defendants' guilt beyond a reasonable doubt "as to that issue as well as all other elements of the offense." Section 18–1–407(2), C.R.S. (1986 Repl.Vol. 8B).

The trial court found that neither defendant had made inquiry as to the age of the victim and that this failure to inquire was unreasonable. Specifically, the trial court determined that: "[I]t is necessary to make inquiry and have some basis as to which to [rely] on to determine age." Based upon this determination, the trial court concluded that: "[T]he affirmative defense has been negated beyond a reasonable doubt."

Although it is conceivable that, in certain instances, it would be unreasonable not to make inquiry, we do not discern in the record before us, without any guidance from the trial court, that an inquiry was required here. Additionally, the trial court did not make findings as to what facts here place the burden on defendants to make inquiry. Instead, the undisputed testimony was that the victim appeared to be older. He was less than three months underage, and nothing in his appearance or the circumstances known to defendants indicated that he was not yet eighteen.

Therefore, because there is nothing in the statute nor any evidence in the record that would support requiring defendants to make inquiry regarding the victim's age, the convictions of defendants cannot be sustained based solely upon their failure to do so.

■ Our examination of the record does not reveal the evidence by which it could be said that the prosecution has met its burden of overcoming the affirmative defense. It is, however, properly within the province of the trial court to make determinations concerning the weight of the evidence, the credibility of witnesses, and the resolution of conflicting evidence. *See People in Interest of E.H.*, 837 P.2d 284 (Colo.App.1992).

■ Consequently, because the trial court has not set forth the factual basis for its conclusion that the prosecution met its burden of proof, nor is it apparent from our review of the record, we must remand for further findings upon this record whether the prosecution proved beyond a reasonable doubt that defendants' belief that the victim was eighteen was not reasonable. *See Martinez v. People*, 174 Colo. 125, 482 P.2d 375 (Colo.1971).

### II.

■ Finally, we agree with defendants that, under the facts here, their convictions of conspiracy cannot stand absent conviction of the substantive offense.

■ An acquittal of a substantive offense forecloses conviction on a conspiracy charge if the only evidence relied upon to prove the existence of the conspiracy was also the only evidence used to prove the substantive offense. *People v. Hoffman*, 655 P.2d 393 (Colo.1982).

The record contains no independent evidence that defendants agreed to engage in conduct constituting a crime or an attempt to commit a crime. Instead, the record supports defendants' contentions that prior to the party they were unaware that the victim

would attend and, also, that the only people who knew the victim's actual age purposefully concealed it from defendants.

The judgment is reversed, and the cause is remanded to the trial court for determination of defendants' guilt or innocence in light of the further findings required by this opinion.

ROTHENBERG and CASEBOLT, JJ., concur.