The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Alberto ESQUIVEL–ALANIZ,
Defendant–Appellant.

No. 97CA1272.

Colorado Court of Appeals,
Div. III.

Jan. 7, 1999.

Rehearing Denied Jan. 28, 1999.

Certiorari Denied Sept. 7, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, H. Michael Steinberg, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Alberto Esquivel–Alaniz, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of two counts of possession with intent to sell and sale of a schedule II controlled substance (cocaine) and one count of possession and sale of 25 grams or more of cocaine within six months. He also appeals the sentence imposed. We affirm and remand for further proceedings.

Acting upon information from a confidential informant, undercover police officers arranged two controlled purchases of cocaine from defendant. The charges here at issued followed.

## I.

Defendant contends that prosecutorial misconduct during closing argument was so prejudicial as to warrant a new trial. We disagree.

A contention that the prosecution engaged in improper argument must be evaluated in the context of the argument as a whole and in light of the evidence. *People v. Marquantte*, 923 P.2d 180 (Colo.App.1995).

The scope of final argument rests in the discretion of the trial court. Its rulings concerning such will not be disturbed on review absent an abuse of discretion resulting in prejudice and a denial of justice. *People v. Valdez*, 725 P.2d 29 (Colo.App.1986).

Defendant argues first that, during closing argument, the prosecutor impermissibly shifted the burden of proof to him by stating that "defendant has the same subpoena power as the People do," when commenting on the fact that defendant had not produced witnesses in support of his assertion that he could not have been involved in the drug transactions because he was at work. However, comment on the lack of evidence confirming a defendant's theory of the case is permissible and does not shift the burden of proof. *See People v. Medina*, 190 Colo. 225, 545 P.2d 702 (1976) (it is permissible to com-

ment on a defendant's failure to produce witnesses to corroborate alibi testimony).

■ Defendant also objected to the prosecutor's argument that:

I can tell you what I heard on that tape, but what I tell you is not evidence. Evidence is what comes from here, from the exhibits, and from that tape recording. What I heard was Alberto.

Later, in discussing discrepancies in the investigating officers' testimony during rebuttal argument, the prosecutor used the phrase "my recollection is" several times. Defendant's objections to these statements were overruled.

Although the prosecutor presented parts of the police officers' testimony using this phrase, he did not argue that the jurors should accept his recollection. Instead, he prefaced his first remarks by telling the jurors that what he said was not evidence. He further told the jury that "you need to use your own collective memory about what you heard" and that "you get to decide." Considering these statements in the context of the argument as a whole, we conclude that the prosecutor did not impermissibly express his personal opinion concerning the witnesses' testimony.

■ During rebuttal argument, defendant also objected to the prosecutor's statement that:

Haven't we as a society taken this conspiracy stuff a little too far? It gets tiresome frankly. To defend the integrity of ordinary working people who have jobs just like you do who make mortgage payments or rent payments....

Here, the prosecutor was responding to defense counsel's closing argument portraying defendant as the victim of a conspiracy by government officials who had an interest in winning this case. Although the prosecutor's comment might be considered somewhat overstated, when viewed under the totality of the entire closing argument, it is not so improper as to warrant a new trial. *See People v. Vialpando,* 804 P.2d 219 (Colo.App. 1990) (reviewing court weighs impact of prosecutor's remarks, taking into account defense counsel's "opening salvo").

## II.

■ Defendant next contends that his conviction for possession and sale of cocaine in an amount greater than 25 grams is not supported by the evidence. In support of this contention, he argues that, although the substances sold were a mixture of cocaine and other ingredients, because the amount of pure cocaine contained in the mixtures was less than 25 grams, the evidence is insufficient to support his conviction. We reject this contention.

■ In considering a challenge to the sufficiency of the evidence, a reviewing court must determine whether the evidence, viewed as a whole and in a light most favorable to the prosecution, is sufficient to support the conclusion by a reasonable person that the defendant is guilty of the offense charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

Under § 18–18–102(4), C.R.S.1998, cocaine is defined as:

coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine, its salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or *any compound, mixture, or preparation which contains any quantity of the substances referred to in this subsection (4).* (emphasis added)

■ By its plain language, a mixture that includes any amount of cocaine or other substances listed under § 18–18–102(4) is considered to be cocaine. Therefore, the amount of cocaine involved in a transaction is determined by the total amount of the mixture containing cocaine.

Here, the evidence presented at trial showed that, during the two transactions involving defendant, two small bags containing a substance later identified as cocaine were obtained. Each bag contained a mixture of cocaine and other ingredients commonly used to dilute the cocaine for sale on the street. The mixture was represented to the officers

as cocaine. Although the amount of undiluted cocaine in the mixtures was less than 25 grams, it is undisputed that the total amount of the two mixtures was more than 25 grams.

According to the statute's plain meaning, these mixtures are considered cocaine and the total weight of the substances is the weight to be considered in determining the amount of cocaine involved. Hence, the evidence is sufficient to sustain the jury's verdict.

## III.

Defendant contends, and the People concede, that because distribution of cocaine in an aggregate amount exceeding 25 grams is a mandatory sentence enhancer and not a separate offense, his conviction for such must be vacated. Although we agree this conviction cannot stand, we conclude that the sentence imposed in this case is appropriate.

██ Under §18–18–405(5), C.R.S.1998, a person convicted of possession with intent to distribute a controlled substance under §18–18–405(1)(a), C.R.S.1998, is subject to a mandatory, minimum four-year sentence if the amount of the substance possessed is greater than 25 grams. However, although this sentence enhancer must be alleged in the information, a person cannot be convicted of such charge as a separate offense. *See People v. Salcedo,* 985 P.2d 7 (Colo.App.1998).

Here, defendant was convicted of possession and sale of more than 25 grams of cocaine. Accordingly, he was subject to the mandatory sentencing provisions of § 18–18–405(5). The trial court sentenced defendant to four years in the Department of Corrections, noting that a minimum mandatory sentence of four years was required for defendant's convictions. A separate sentence under § 18–18–405(5) was not imposed. Rather, defendant's sentence reflects the appropriate application of § 18–18–405(5) to the sentence imposed for his conviction of the other charges, and thus, his sentence need not be changed. However, it is necessary to remand this case for correction of the mittimus to reflect two convictions instead of three.

## IV.

██ Defendant lastly contends that the trial court erred in denying his motion for a new trial based on ineffective assistance of counsel. He argues that the trial court erred in not appointing counsel to represent him in litigating this claim and in not holding an evidentiary hearing on his motion. We do not agree.

██ Under Crim. P. 33(b), a defendant may request a new trial by filing a written motion, stating with particularity the defects and errors complained of. A trial court is not required, under Crim. P. 33(b), to grant a hearing on such motion. The decision to grant a new trial is within the court's discretion, and if such decision is not manifestly arbitrary, unreasonable, or unfair, it will be upheld. *People v. Eckert,* 919 P.2d 962 (Colo. App.1996).

██ A convicted defendant claiming ineffective assistance of counsel must identify the acts or omissions of counsel that are not the result of reasonable professional judgment. The court then must determine whether, under the totality of the circumstances, such acts or omissions were "outside the wide range of professionally competent assistance." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984); *People v. Hickey,* 914 P.2d 377, 379 (Colo.App.1995).

██ Although there is no constitutional right to counsel in post-conviction proceedings, there is a limited statutory right to such if the allegations are factually sufficient to warrant a hearing. Sections 21–1–103 & 21–1–104, C.R.S.1998; *People v. Hickey, supra*i.

Here, defendant, in his motion, asserted that "the complete and total absence of a defense to prosecution allegations" was ineffective assistance of counsel. However, in asserting such, defendant does not allege any acts or omissions of defense counsel that deprived him of a defense. In the absence of particularized facts supporting defendant's assertion of ineffective assistance, the trial court was not required to hold a hearing on his motion. Therefore, the trial court properly denied defendant's motion for new trial

and his request for counsel to assist in that motion.

The judgment and sentence are affirmed and the cause is remanded for correction of the mittimus as discussed herein.

Judge JONES and Judge RULAND concur.