The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Kenneth C. GORMAN, Defendant–
Appellant.

No. 96CA2246.

Colorado Court of Appeals,
Div. V.

Dec. 24, 1998.

Certiorari Granted Aug. 23, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Evan W. Jones, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge BRIGGS.

Defendant, Kenneth C. Gorman, appeals the judgment of conviction entered on a jury verdict finding him guilty of contributing to the delinquency of a minor. He contends the trial court erred in instructing the jury that the mental state of "knowingly" did not apply to the juvenile's age. We affirm.

Defendant supplied several bags of marijuana to a juvenile for sale to an adult purchaser, who in fact was a police informant. Defendant was arrested and charged with several crimes, including contributing to the delinquency of a minor. That crime is defined in § 18–6–701(1), C.R.S.1998:

Any person who induces, aids, or encourages a child to violate any federal or state law, municipal or county ordinance, or court order commits contributing to the delinquency of a minor. For purposes of this section, the term 'child' means any person under the age of eighteen years.

Defendant proceeded pro se at trial. At the close of the evidence, the court, without

objection, instructed the jury consistent with the pattern Colorado jury instruction, COL-JI–Crim. No. 22:11 (1993 Supp.):

The elements to the charge of contributing to the delinquency of a minor as charged in count five are:

1. that the defendant;
2. in the State of Colorado at or about the date and place charged;
3. knowingly;
4. induced, aided, or encouraged;
5. a person under the age of eighteen;
6. to violate a state law, to-wit: Distribution of Marihuana, as defined in these instructions.

During its deliberations, the jury sent the court the following note:

On count # five: Does the word 'knowingly' apply to only element # 4 'induced, aided, or encouraged,' or does it apply to element # 5 also 'a person under the age of eighteen[.]' In other words[,] did the defendant need to know that the person [to whom] he sold the marihuana was under eighteen at the time of the crime[?]

Over defendant's general objection, the trial court provided the jury with a supplemental instruction that stated:

In response to your question, you are instructed that the mental culpability of 'knowingly' as defined previously in the instructions applies only to the element of inducing, aiding, or encouraging a violation of state law under the elements of contributing to the delinquency of a minor. It does not apply to element 5 requiring the other person to be under the age of eighteen.

## I.

◼ Relying on *People v. Trevino*, 826 P.2d 399 (Colo.App.1991), defendant first contends the trial court erred in instructing the jury that the mental element of "knowingly" applied only to defendant's conduct in supplying the drugs and not to the juvenile's age. We disagree.

In *Trevino*, a division of this court held that the mental state of "knowingly" applies to the element of age in the offense of contributing to the delinquency of a minor. Its

reasoning was that, if a statute defining an offense contains a mental state, express or implied, then pursuant to § 18–1–503(4), C.R.S.1998, that mental state is applied to every element of the offense.

However, the division in *Trevino* was careful to note that neither party on appeal had referred to, and thus it was not considering the effect of, § 18–3–406(1), C.R.S.1998. Unlike the parties in *Trevino*, the People here have referenced § 18–3–406(1) and argue that it supports the instruction the trial court gave. The statute provides as follows:

If the criminality of conduct depends on a child's being below the age of eighteen and the child was in fact at least fifteen years of age, it shall be an affirmative defense that the defendant reasonably believed the child to be eighteen years of age or older.

In *People v. Bath*, 890 P.2d 269 (Colo.App. 1994), another division of this court considered the effect of § 18–3–406(1) in determining whether, in order for the jury to find a defendant guilty of sexually exploiting a child, the prosecution had to prove the defendant knew the juvenile was less than eighteen years old. The court noted that, pursuant to § 18–1–503(4), C.R.S.1998, when a statute defining an offense prescribes as an element a specified culpable mental state, "the mental state is deemed to apply to every element of the offense *unless an intent to limit its application clearly appears*." *People v. Bath, supra*, 890 P.2d at 271 (emphasis in original). Its conclusion was that § 18–3–406(1) manifested a clear legislative intent that the culpable mental state of "knowingly" does not apply to the age of the victim.

◼ We find the reasoning in *Bath* persuasive and applicable here. Accordingly, the trial court did not err in giving the jury a supplemental instruction stating that the culpable standard of "knowingly" does not apply to the age of the victim with respect to the offense of contributing to the delinquency of a minor.

## II.

◼ Defendant separately contends that, even if the supplemental instruction otherwise properly defined the elements of the crime, the trial court committed reversible error in failing to modify the response to

include the affirmative defense set forth in § 18–3–406(1). We are not persuaded.

At trial, defendant made only a general objection that the supplemental instruction was contrary to the instructions already given. He did not request that the trial court instruct the jury on the affirmative defense that defendant reasonably believed his accomplice was not a juvenile. Nor did defendant initially assert on appeal that the trial court erred in not instructing the jury on that affirmative defense.

However, this court requested supplemental briefs to address whether evidence was introduced at trial from which the jury could have found that defendant reasonably believed the minor to be eighteen years of age or older. The parties were also to address whether, if such evidence had been introduced, the trial court committed plain error in failing to instruct the jury on the affirmative defense set forth in § 18–3–406(1), C.R.S.1988.

Defendant now argues that, in the circumstances presented here, the trial court committed reversible error in failing on its own to instruct the jury on the affirmative defense that he reasonably believed the minor to be eighteen years of age or older. The circumstances he lists include: that evidence in the record supported the instruction; that defendant, who was without counsel, argued in closing that he did not realize the minor was under the age of eighteen; and that the jury indicated its concern with the issue by asking the question that led to the supplemental instruction.

We do not discount the significance of these circumstances. However, in light of additional circumstances present in this case, we are not persuaded the trial court committed reversible error by not *sua sponte* instructing the jury on the affirmative defense.

Initially, we recognize that defendant elected to represent himself at trial. However, in doing so, he subjected himself to the same rules, procedures, and substantive law applicable to a licensed attorney, and he does not separately argue on appeal that the resulting proceedings were so fundamentally unfair as to have denied him due process. *See People v. Romero*, 694 P.2d 1256 (Colo. 1985).

■ Because defendant at trial did not specifically request an instruction on the affirmative defense, we review the trial court's failure to give such an instruction only for plain error. *See People v. Hansen*, 920 P.2d 831 (Colo.App.1995); *People v. Eckert*, 919 P.2d 962 (Colo.App.1996). Plain error occurs when the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Walker v. People*, 932 P.2d 303 (Colo.1997); *see also People v. Hoefer*, 961 P.2d 563 (Colo.App.1998)(in the context of a claimed error in a jury instruction, a defendant must demonstrate not only that the error, if any, affected a substantial right, but also that there is a reasonable possibility that such error contributed to his conviction).

Here, the minor did not appear at trial, and defendant did not testify. Instead, defendant introduced into evidence a videotaped statement he had given to the police. In that statement, he told the police that he assumed the minor was seventeen or eighteen years old. A police officer testified that defendant separately told him the minor was sixteen or seventeen years old.

Defendant did tell the jury in closing argument that he had thought the minor was over the age of eighteen. However, his argument in closing was not evidence. *See People v. Rodriguez*, 914 P.2d 230 (Colo.1996).

During trial, the prosecutor asked an acquaintance of the minor if he knew the minor's age. The witness responded that he thought the minor was around eighteen or nineteen. When asked a similar question, an investigating police officer stated the minor's date of birth. This established that the minor was approximately two months younger than eighteen years of age at the time the crime was committed.

We may assume, without deciding, that this evidence would have been sufficient to have permitted defendant to assert the affirmative defense that he reasonably believed the minor was eighteen years of age or older. Further, the record reflects that the prosecutor did not request, and the trial court did not enter, an order pursuant to Crim. P. 16, requiring defendant to inform the prosecutor of the nature of any defense that he intended to use at trial.

Nevertheless, while not argued on appeal, we find it dispositive that defendant never raised or referenced the affirmative defense, directly or indirectly, before trial or during the presentation of evidence. As a result, the record reflects that the prosecutor did not consider it necessary to present evidence separately pertaining to the affirmative defense or to address it in the initial closing argument. Nor did the prosecutor have any reason to do so. The questioning about the age of the minor was necessary, without regard to the affirmative defense, to establish an element of the crime charged,.

In these circumstances, the trial court's failure *sua sponte* to instruct the jury on the affirmative defense was not plain error. *Cf. People v. Montgomery*, 743 P.2d 439 (Colo. App.1987); *People v. Schlicht*, 709 P.2d 94 (Colo.App.1985).

Judgment affirmed.

Judge MARQUEZ and Judge TAUBMAN concur.