23CA0411 Peo v Jones 12-12-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0411
City and County of Denver District Court No. 14CR5504
Honorable Eric M. Johnson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Gregory Ray Jones,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE GOMEZ
Dunn and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

---

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Nancy Holton, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Gregory Ray Jones, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

I.    Background

¶ 2    A jury found Jones guilty of kidnapping and sexual assault based on evidence that he drove K.P. away from her boyfriend (Barry Schilling) against her will, punched her multiple times, and sexually assaulted her for a few hours. *See People v. Jones*, slip op. at ¶¶ 3-6 (Colo. App. No. 16CA1340, Sept. 13, 2018) (not published pursuant to C.A.R. 35(e)).

¶ 3    K.P. called 911 to report the kidnapping and assault immediately after Jones released her near a King Soopers, and police and medical personnel promptly responded and collected evidence. Evidence presented at trial included the eyewitness testimony of K.P. and Schilling; photographs and medical testimony demonstrating that K.P.'s eye was swollen shut and she had suffered injuries to her inner thigh, knee, and wrist; K.P.'s torn clothing; 911 recordings of calls from K.P. and Schilling (made when Jones drove off with K.P.); and forensic testimony that the DNA of sperm collected from K.P.'s vagina matched the DNA

1

collected from Jones's buccal swab. *See id.* at ¶¶ 4, 6, 26-28. Jones's theory of defense was that the sex was consensual and that Schilling had caused K.P.'s injuries.

¶ 4    A division of this court affirmed the judgment of conviction on direct appeal. *See id.* at ¶ 30 (concluding that in light of the evidence presented, "the case was not particularly close").

¶ 5    In the Crim. P. 35(c) motion filed by postconviction counsel, Jones asserted that his trial counsel was ineffective for (1) failing to properly investigate "key witnesses"; (2) waiving his right to be present at a critical stage of trial; (3) failing to adequately cross-examine witnesses; and (4) failing to consult an independent DNA expert. He also asserted that these instances of ineffective assistance cumulatively prejudiced him. The postconviction court denied the motion in a thorough, well-reasoned written order, without asking for a response from the prosecution and without holding a hearing.

## II.    Discussion

¶ 6    We agree with the postconviction court that the ineffective assistance claims in Jones's Crim. P. 35(c) motion don't merit a hearing.

A.     Standard of Review and Applicable Law

¶ 7     We review the summary denial of a Crim. P. 35(c) motion de novo. *People v. Marquez*, 2020 COA 170M, ¶ 17. A postconviction court may deny a Crim. P. 35(c) motion without an evidentiary hearing if the motion, files, and record clearly show the defendant isn't entitled to relief. Crim. P. 35(c)(3)(IV). But if the defendant alleges sufficient facts that, if true, may warrant relief, the court must conduct an evidentiary hearing. *People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 7.

¶ 8     To sufficiently allege a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must (1) "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" (the deficient performance prong), *id.* at 690; and (2) "assert facts that, if true, show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong), *People v. Timoshchuk*, 2018 COA 153, ¶ 22.

¶ 9     When the allegations in an ineffective assistance claim are bare and conclusory; fail to establish either prong of the *Strickland*

test, even if taken as true; or are directly refuted by the record, the postconviction court may deny the claim without conducting an evidentiary hearing. *People v. Duran*, 2015 COA 141, ¶ 9; *see also* Crim. P. 35(c)(3)(IV).

## B.    Initial Considerations

¶ 10    At the outset, we note that Jones may not rescue his inadequate postconviction motion with the elaboration provided in his appellate briefing. We decline to consider any allegations that were not presented in his Rule 35(c) motion. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion . . . and thus not ruled on by the trial court are not properly before this court for review.").[1]

¶ 11    We further note that Jones seems to misinterpret the Rule 35(c) standard. He argues that "[a] defendant need not set forth the

---

[1] We also decline to consider the changes Jones made to his arguments in his amended opening brief. After the People filed their answer brief, Jones's counsel moved to file an amended opening brief to include cites to the record. But her amended brief added about six hundred words of factual elaboration in addition to adding record cites — the latter of which was the sole reason this court had approved an amended filing. While we haven't struck the amended opening brief, we don't consider the factual elaboration added in that brief.

evidentiary support for his allegations in his Crim[.] P. 35 motion" but "need only assert facts, that if true would provide a basis for relief." While that statement is true, a defendant still must "allege specific facts to substantiate his claims." *People v. Manners*, 878 P.2d 71, 72 (Colo. App. 1994); *see also People v. Esquivel-Alaniz*, 985 P.2d 22, 25 (Colo. App. 1999) ("In the absence of particularized facts supporting [the] defendant's assertion of ineffective assistance, the trial court was not required to hold a hearing on his motion.").

¶ 12    Thus, it is not sufficient to simply allege — as Jones did in his motion — that the defense will develop the particulars of an ineffective assistance claim at a hearing, like establishing what information could have been obtained from witnesses, what cross-examination could have been conducted, what information could have been presented by an expert at the trial, and what prejudice resulted from such alleged failures. Those are the kinds of details that need to be included in the motion itself to establish that such details, if proven at a hearing, would warrant postconviction relief. *See People v. Melendez*, 2024 COA 21M, ¶¶ 34-35 (affirming the summary denial of a Rule 35(c) motion that didn't allege specific facts to explain how the result would have been different if defense

5

counsel had interviewed and elicited testimony from a certain witness); *People v. Osorio*, 170 P.3d 796, 800 (Colo. App. 2007) (affirming the summary denial of a Rule 35(c) motion that was "conclusory and lacked supporting detail," such as failing to explain "what the cross-examination of any witnesses would have revealed"); *see also People v. Luong*, 2016 COA 13M, ¶ 8 ("A defendant is entitled to a hearing on a Crim. P. 35(c) motion if he asserts specific facts that, if true, would provide a basis for relief.").

## C. Failure to Investigate

¶ 13    Jones first claims that his trial counsel was ineffective for failing to interview witnesses, including (1) employees of the bar, 7-11, and King Soopers where K.P. and Jones might have been seen on the night in question; (2) DNA lab employees; (3) K.P.'s daughters; and (4) "other background witnesses." His concern appears to be that trial counsel failed to ascertain and present to the jury the nature of K.P.'s relationship with Schilling and unspecified background about her mental health and drug and alcohol use.

¶ 14    Although this claim as to most of the witnesses and what they might have testified is too vague to establish any deficient

6

performance, Jones sufficiently alleges that trial counsel's performance was deficient because he didn't interview two specific witnesses. He alleges that Kathleen Nalley, a bartender who allegedly served the couple, could testify that K.P. had been arguing with Schilling on the night in question. He also alleges that one of K.P.'s daughters could testify that K.P. was in the process of "kicking [Schilling] out of her residence." But the claim as to these two witnesses still fails because Jones didn't assert how the introduction of these allegations might have changed the outcome of the proceeding, thus establishing prejudice under *Strickland*.

¶ 15    Indeed, as the postconviction court explained, the record demonstrates that these alleged facts were cumulative of the testimony of several trial witnesses who testified about K.P.'s quarrelsome relationship with Schilling. Nalley actually testified that the couple sometimes argued. Multiple other witnesses also testified that the couple argued on the night in question. Schilling even testified that he and K.P. "used to have arguments all the time." And on cross-examination, K.P. admitted that Schilling had a bad temper and sometimes flew into rages.

¶ 16 Other than the apparently customary arguing between K.P. and Schilling, Jones doesn't allege any specific fact a particular witness might have testified to with further investigation by defense counsel. And he doesn't explain how any such alleged fact might have affected the result of the proceeding. Without alleging what testimony additional witnesses would have provided and how it would have made a difference at trial, he has not asserted facts that, if true, would provide a basis for relief. *See Melendez*, ¶¶ 34-35; *Luong*, ¶ 8; *Esquivel-Alaniz*, 985 P.2d at 25.

¶ 17 We therefore agree with the postconviction court's assessment that this claim fails due to insufficient allegations of prejudice. *See Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003) (a postconviction court may summarily deny an ineffective assistance claim if the defendant's factual allegations fail to establish either prong of the *Strickland* test).

### D. Waiver of Presence at a Critical Stage

¶ 18 Next, Jones baldly asserts that his trial counsel waived his presence "at a critical stage of his trial." But, as the postconviction court pointed out, Jones doesn't specify when this alleged waiver occurred and doesn't assert any prejudice from the waiver. Thus,

we agree with the postconviction court's conclusion that this vague assertion doesn't merit a hearing. *See Osorio*, 170 P.3d at 799 (A postconviction court may deny relief "where the allegations of counsel's deficient performance are merely conclusory, vague, or lacking in detail."); *see also Ardolino*, 69 P.3d at 77.

### E. Inadequate Cross-Examination

¶ 19 Jones also asserts that his trial counsel inadequately cross-examined "witnesses," but he named only K.P. Because the general reference to "witnesses" is vague, *see Osorio*, 170 P.3d at 799, we consider only the cross-examination of K.P.

¶ 20 Jones alleges that trial counsel inadequately cross-examined K.P. on the following specific topics: (1) her level of intoxication and memory of the incident; (2) her inaccurate identification of Jones's vehicle as a tan Jeep rather than a gold Toyota 4Runner; and (3) her inaccurate description that she was released "about a block" from King Soopers when surveillance footage shows she was dropped off "right outside" the store. But again, Jones fails to articulate any prejudice. He doesn't explain how any additional questioning on those issues might have changed the outcome of the

proceeding, and we perceive no reasonable probability that it could have done so.

¶ 21    In addition to the cross-examination described in Part II.C., and as relevant to this claim, the record demonstrates that trial counsel's cross-examination of K.P. elicited admissions that she had been drinking before she went to the bar, she might have had as many as eight beers that night, she weighed just over a hundred pounds, and there were many details of the night that she couldn't remember. Jones's identity wasn't contested at trial, so the identification of his car wasn't important to the case. And Jones hasn't adequately explained, and we cannot conceive, how the exact proximity of Jones's car to King Soopers would have made any difference at trial.

¶ 22    Because the record partially refutes this claim and because Jones didn't sufficiently allege any prejudice, the postconviction court properly denied this claim without a hearing.

### F.    Failure to Consult DNA Expert

¶ 23    In his opening brief, Jones also argued that trial counsel failed to provide effective assistance because he didn't consult a DNA expert. But his postconviction counsel conceded at oral argument

10

that this claim fails because no resulting prejudice was alleged in the Rule 35(c) motion. Accordingly, we don't consider this claim.

## G.    Cumulative Prejudice

¶ 24    Finally, Jones argues that the postconviction court erred by denying his motion without a hearing because the court didn't consider cumulative prejudice. We are not persuaded. As discussed throughout this opinion, Jones failed to allege facts establishing prejudice for any of his claims.

## III.    Disposition

¶ 25    The order is affirmed.

JUDGE DUNN and JUDGE TAUBMAN concur.