23CA2222 Peo v Robichaud 05-08-2025

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 23CA2222
Arapahoe County District Court No. 19CR3620
Honorable Darren L. Vahle, Judge

_____

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Colton James Robichaud,

Defendant-Appellant.

_____

ORDER AFFIRMED

Division V
Opinion by JUDGE SCHOCK
Freyre and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 8, 2025

_____

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Atkinson Law, P.C., Alexander K. Atkinson, Colorado Springs, Colorado, for Defendant-Appellant

¶ 1       Defendant, Colton James Robichaud, appeals the order denying his Crim. P. 35(c) motion without a hearing and without the appointment of counsel. He argues that his allegations of ineffective assistance of counsel were sufficient to warrant the appointment of postconviction counsel and that the pro se form for filing Crim. P. 35(c) motions misled him to believe that he could not include more than one page of factual allegations. We affirm.

## I.     Background

¶ 2       Robichaud was charged in district court with twenty-five counts, including attempted first degree murder and first degree assault, stemming from his involvement in a robbery and shooting when he was sixteen years old. The public defender entered an appearance as Robichaud's counsel and moved to transfer the case to juvenile court — a procedure known as a "reverse transfer." *See People v. Brown*, 2019 CO 50, ¶ 3; § 19-2.5-801(4)(a), C.R.S. 2024.

¶ 3       Several months later, before the reverse transfer hearing had occurred, the public defender moved to withdraw based on a conflict of interest. The district court granted the motion to withdraw and appointed alternate defense counsel (ADC).

1

¶ 4     With the reverse transfer hearing set less than a month later, the prosecution and ADC filed a joint motion to continue the hearing, which the district court granted.  The reverse transfer hearing was continued twice more at ADC's request.

¶ 5     In April 2021, seventeen months after the motion to transfer had been filed and a few days before the hearing was to be held, Robichaud waived his right to a preliminary hearing and a reverse transfer hearing.  The court advised Robichaud as follows:

> THE COURT: All right.  Mr. Robichaud, I want to make sure that we understand each other:
>
> So you have a right to have a preliminary hearing.  At a preliminary hearing the District Attorney would have to show me that there's probable cause to believe that you committed these offenses, at least the felony offenses.
>
> You also have the right to request — and your lawyers have previously requested — a hearing where they're asking me to transfer this case to the juvenile court rather than having it to stay in adult court.
>
> It sounds like you are then agreeing to waive both of those hearings, or give up the right to have those hearings in this case, so that you can continue to negotiate in this case with the District Attorney; is that correct?
>
> [ROBICHAUD]: Yes, sir.

> THE COURT: All right. And is anybody forcing you or pressuring you or coercing you in any way to make those decisions and waive those hearings?
>
> [ROBICHAUD]: No, Your Honor.
>
> THE COURT: Are you waiving those hearings knowingly, voluntarily?
>
> [ROBICHAUD]: Yes, sir.

¶ 6 The court accepted Robichaud's waivers, vacated the reverse transfer hearing, and set the arraignment for eight weeks later. ADC explained that he was working to develop mitigation, and Robichaud was working to complete his high school diploma, both of which they wanted to complete before entering into a disposition.

¶ 7 Eventually, Robichaud pleaded guilty to one count of attempted first degree murder and one count of first degree assault, in exchange for the dismissal of the remaining counts. In the plea agreement, the parties stipulated to a sentence of eighteen to twenty-five years in the custody of the Department of Corrections (DOC), with the sentences on the two counts to run concurrently.

¶ 8 In December 2021, the district court sentenced Robichaud to concurrent DOC sentences of twenty-two years for the attempted first degree murder and fifteen years for the first degree assault.

¶ 9    About two years later, Robichaud filed a pro se Crim. P. 35(c)

motion.  He alleged that his attorneys' advice to waive the reverse

transfer hearing was "bad, ineffective legal advice, not based on a

thorough investigation."  He further alleged that but for that advice,

he would not have waived his right to the reverse transfer hearing

and would have prevailed in having his case transferred to juvenile

court.[1]  He requested the appointment of postconviction counsel.

¶ 10    The district court denied Robichaud's motion without

appointing counsel and without a hearing.  It concluded that

Robichaud's allegations were conclusory, "purely speculative," and

"unsupported by the record."  In particular, the court noted that

Robichaud had made no allegations about "the nature of counsel's

advice to waive the transfer hearing or the reasoning behind it" or

"what counsel failed to investigate."  The court also found that it

was "virtually inconceivable" on the facts of the case that

Robichaud would have been granted a reverse transfer.

---

[1] Robichaud also asserted that the police report and reverse
transfer motion incorrectly stated his age at the time of his offenses.
But he does not reassert that claim on appeal, so it is abandoned.
*See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

¶ 11    Robichaud then filed a motion to reconsider or supplement his motion, which included additional allegations to support his claim that he would have prevailed in a reverse transfer hearing.  Before the court ruled on that motion, Robichaud appealed the denial of his Crim. P. 35(c) motion.  The day after the notice of appeal was filed, the district court denied the motion to reconsider.  Robichaud did not amend his notice of appeal or otherwise appeal that order.

## II.    Analysis

¶ 12    Robichaud contends that the district court erred by denying his Crim. P. 35(c) motion without appointing counsel.  He asserts that his allegations of ineffective assistance of counsel were sufficient to warrant the appointment of postconviction counsel and that any infirmities in the motion resulted from his pro se status and his inability to afford private counsel.  Because we agree with the district court that the allegations in Robichaud's Crim. P. 35(c) motion were bare and conclusory, we affirm the denial.

### A.    Standard of Review and Applicable Law

¶ 13    We review de novo the denial of a Crim. P. 35(c) motion without a hearing.  *See People v. Cali*, 2020 CO 20, ¶ 14.

¶ 14    A district court may deny a Crim. P. 35(c) motion without a hearing and without appointing counsel if the motion, files, and record in the case clearly establish that the allegations in the defendant's motion do not warrant postconviction relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003); *see also* Crim. P. 35(c)(3)(IV). This standard is satisfied if (1) the defendant's allegations are bare and conclusory; (2) the allegations, even if true, do not warrant postconviction relief; or (3) the record directly refutes the defendant's claims. *People v. Duran*, 2015 COA 141, ¶ 9.

¶ 15    To state a claim for ineffective assistance of counsel, a defendant must allege facts sufficient to show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). Under the first prong of this test, the defendant must identify acts or omissions of counsel that "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88, 690 (1984). Under the second prong, the defendant must "assert facts that, if true, show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Timoshchuk*, 2018 COA 153,

¶ 22. A district court may deny an ineffective assistance claim without a hearing if the defendant fails to allege facts sufficient to satisfy either prong. *See People v. Phipps*, 2016 COA 190M, ¶ 19.

¶ 16    Because Robichaud filed his Crim. P. 35(c) motion pro se, we broadly construe the motion "to ensure that [Robichaud is] not denied review of important issues because of [his] inability to articulate [his] argument like a lawyer." *Cali*, ¶ 34 (citation omitted). But in doing so, we may not rewrite Robichaud's motion or act as his advocate. *Id.* Even as a pro se party, Robichaud is subject to the same rules, procedures, and substantive law that apply to represented parties. *People v. Gorman*, 983 P.2d 92, 94 (Colo. App. 1998), *aff'd on other grounds*, 19 P.3d 662 (Colo. 2000).

### B.    Denial of Crim. P. 35(c) Motion

¶ 17    Robichaud's allegation of deficient performance in his Crim. P. 35(c) motion consisted of a single sentence: His counsel's advice to waive the reverse transfer hearing was "bad, ineffective legal advice, not based on a thorough investigation." He did not describe the nature of that advice, counsel's reasons for it, or why the advice was objectively unreasonable. Nor did he identify what additional

investigation his counsel should have done or how that investigation would have affected his decision to waive the hearing.

¶ 18    These are the kind of bare and conclusory allegations that are insufficient to demonstrate that a defendant may be entitled to postconviction relief.  *See Phipps*, ¶ 36; *People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003) (holding that allegations of inadequate investigation were conclusory and insufficient to warrant a hearing where defendant did not describe the additional investigation or its anticipated results).  Robichaud did not need to detail the evidentiary support for the allegations in his motion.  *People v. Delgado*, 2019 COA 55, ¶ 33.  But he did need to "allege specific facts to substantiate his claims."  *People v. Manners*, 878 P.2d 71, 72 (Colo. App. 1994); *see also People v. Esquivel-Alaniz*, 985 P.2d 22, 25 (Colo. App. 1999) (holding that the district court was not required to hold a hearing "[i]n the absence of particularized facts supporting [the] defendant's assertion of ineffective assistance" of counsel).  We agree with the district court that he failed to do so.

¶ 19    Robichaud asserts that the bar for appointment of counsel is lower than the bar for an evidentiary hearing, requiring only that the claim is not "wholly unfounded."  *Silva v. People*, 156 P.3d

1164, 1168 (Colo. 2007). Relying on *People v. Chalchi-Sevilla*, 2019 COA 75, he argues that the district court could not conclude that his claims were wholly unfounded because they were based on facts outside the record. But when a claim is based on facts outside the record, the defendant must allege those facts in the Crim. P. 35(c) motion. *See Delgado*, ¶ 8; *Duran*, ¶ 9. Absent such allegations, the motion is "wholly unfounded" in the sense that it fails to state a "potentially meritorious claim" for relief — even if the record does not affirmatively refute it. *People v. Nozolino*, 2023 COA 39, ¶ 34; *see also People v. Lopez*, 12 P.3d 869, 871 (Colo. App. 2000) (holding that a claim of ineffective assistance of counsel may be denied without appointing counsel if the allegations are conclusory).

¶ 20    We acknowledge that Robichaud included some additional detail in his motion to reconsider. But we cannot consider the substance of that motion for three reasons. First, because Robichaud did not appeal the denial of that motion, it is not properly before us. *See People v. Robinson*, 226 P.3d 1145, 1155 (Colo. App. 2009). Second, the district court lacked jurisdiction to rule on the motion after the notice of appeal had been filed. *See id.* And third, to the extent the motion to reconsider sought to provide

9

additional support for a claim that had already been denied, it was effectively a successive motion for postconviction relief. *See People v. Thomas*, 195 P.3d 1162, 1165 (Colo. App. 2008) ("[W]here . . . a defendant's motion to reconsider is essentially a successive motion for postconviction relief, it should not be accepted as a motion for relief from judgment pursuant to C.R.C.P. 60(b)."); *see also* Crim. P. 35(c)(3)(VI) (requiring a court to deny any claim that was raised and resolved in a prior postconviction proceeding).

¶ 21    Robichaud contends that we should excuse his conclusory allegations because to do otherwise would effectively penalize him for his inability to afford private counsel. He argues that Form 4SC — the pro se form for filing Crim. P. 35(c) motions — is a "trap" for pro se petitioners because it directs the petitioner to include the relevant facts on one page and does not specify the degree to which those facts must be supported. And he asserts that, if he had counsel, he would have been able to avoid summary denial.

¶ 22    As to Form 4SC, Robichaud makes a valid point, to an extent. The form says that a petitioner must "state the facts related to your claim on one page and put any legal authority on a separate page." Form 4SC, Petition for Postconviction Relief Pursuant to Crim. P.

35(c) (revised Jan. 2018), https://perma.cc/A26F-T3N8. This direction could be interpreted (incorrectly) as limiting a petitioner's factual allegations to what they can fit on one page. But the form also directs the petitioner to "list each and every fact you feel supports that claim" and to "[b]e specific and give details." *Id.* And in any event, even as a pro se litigant, Robichaud was subject to the well-established rule that a Crim. P. 35(c) claim must go beyond conclusory allegations. *See Gorman,* 983 P.2d at 94; *Duran,* ¶ 9.[2]

¶ 23    As to Robichaud's assertion that postconviction counsel might have made a difference, a criminal defendant has no constitutional right to postconviction counsel. *Silva,* 156 P.3d at 1167. And the limited statutory right applies only when the defendant has sufficiently alleged a claim with "arguable merit." *People v. Segura,* 2024 CO 70, ¶ 25; *see also Silva,* 156 P.3d at 1168; §§ 21-1-103, -104, C.R.S. 2024; Crim. P. 35(c)(3)(IV), (V). Thus, a defendant is

---

[2] In his reply brief, Robichaud urges us for the first time to apply the rule of lenity to resolve any ambiguities in Form 4SC in his favor. We do not address arguments raised for the first time in a reply brief. *See People v. Czemerynski,* 786 P.2d 1100, 1107 (Colo. 1990), *abrogated on other grounds by Rojas v. People,* 2022 CO 8. We note, however, that the controlling legal standard is governed by Crim. P. 35(c)(3)(IV) and longstanding case law, not Form 4SC.

not entitled to counsel to help them meet that standard. Instead, an unrepresented defendant must overcome this threshold *before* an attorney may be appointed. *Segura*, ¶ 4. Because Robichaud's allegations were bare and conclusory, he did not overcome the threshold and had no right to counsel. *See Lopez*, 12 P.3d at 871.

¶ 24 Finally, as to prejudice, Robichaud asserts that the district court erred by requiring him to prove he would have been granted a reverse transfer rather than simply allege that "the result of the proceeding would have been different." *Timoshchuk*, ¶ 22. But the only "different result" Robichaud identified in his motion was that he would not have waived his right to a reverse transfer hearing and would have prevailed in that hearing. He alleged no facts showing why that was a reasonably probable result. *See id.* Regardless, because we have concluded that Robichaud failed to sufficiently allege deficient performance, we need not decide whether he also failed to sufficiently allege prejudice. *See Phipps*, ¶ 19.[3]

---

[3] To the extent Robichaud raises issues on appeal that he did not raise in his Crim. P. 35(c) motion — for example, that he did not enter his plea knowingly, intelligently, and voluntarily — "we will not consider issues not raised before the district court in a motion for postconviction relief." *People v. Cali*, 2020 CO 20, ¶ 34.

12

### III. Disposition

¶ 25   The order is affirmed.

JUDGE FREYRE and JUDGE SULLIVAN concur.